Wilkey v. Commonwealth.

CASE 42—INDICTMENT—SEPTEMBER 24,

## Wilkey v. Commonwealth.

APPEAL FROM HOPKINS CIRCUIT COURT.

1. CRIMINAL LAW—RAPE—SUFFICIENCY OF INDICTMENT—OMISSION OF "RAVISH."—In an indictment for rape committed upon the person of a female over the age of twelve years, as defined by Kentucky Statutes, sec. 1154, the use of the word "ravish" in the indictment is not necessary.
2. SAME—SUFFICIENCY OF INDICTMENT—USE OF "FELONIOUSLY."—It was necessary in an indictment for rape under sec. 1154, Ky. St., to use the word "feloniously." Hall v. Com., 15 Ky. Law Rep., 856.
3. SAME—NAME OF PERSON INJURED—"JENNIE" AND "JANE."—In such an indictment the use of the name "Jennie Tyre" as the

name of the prosecutrix in one part of the indictment and "Jane Tyre" in another, did not create a confusion as to the identity of the person.

4. SAME—VENUE—EVIDENCE OF.—Evidence that the crime was committed in "Rhea's wheat field, about four hundred yards distant from the residence of Joe Tyre" is insufficient to prove the venue.

J. F. DEMPSEY FOR APPELLANT.   (POLK LAFFOON OF COUNSEL.)

1. Demurrer to indictment, because word "ravish," not used. Clark's Crim. Proc., sec. 83, pp, 195, 196, 199; 2 Bishop's Crim. Proc., pp. 898, 902; 1st Same, 58; Bouvier's Law Dictionary, word "Ravished;" Black's Law Dictionary, word "Ravished;" Am. & En. Enc. of Law, 19, p. 957; 1 Russell on Crimes, p. 686; Chitty's Crim. Law., sec. 244; Kentucky Statutes, sec. 1154; General Statutes, chap. 29, art. 4, sec. 5; Kessler v. Com., 12 Bush, 18; Hall v. Com., 15 Ky. Law Rep., 856; 2 Bishop on Crim. Law., secs. 1069, 1089; Ray v. Sweeney, 14 Bush, 9; 1st Constitution of Kentucky, art. 8, sec. 6; 2d Constitution of Kentucky, art. 6, sec. 8; 3d Constitution of Kentucky, art. 8, sec. 8; Present Constitution of Kentucky, sec. 233; Cundiff v. Com., 86 Ky., 196.

2. Demurrer to indictment; error in name of third party. Crim. Code, secs. 128, 124; Clark's Crim. Proc., sec. 94, pp. 232, 339.

3. Motion in arrest of judgment. Same authorities cited on omission of word "ravish," and Crim. Code, sec. 276; Fenston v. Com., 82 Ky., 549.

4. Failure of court to instruct as to whole law of the case. Trimble v. Com., 78 Ky., 176; 17 Am. Rep., 349-358; 4 Am. & Eng. Enc. of Law, 738.

W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLEE.

1. The omission of the word "ravish" did not make the indictment defective. Webster's Dict., "ravish."

2. The words "Jennie" and "Jane" mean the same thing. Webster's Dict., "Jennie;" Crim. Code, sec. 128.

3. On Venue. Hays v. Com., 12 Ky. Law Rep., 611; Com. v. Patterson, 10 Ky. Law Rep., 167; Sullivan v. People, 114 Ill., 24; State v. Stark, 42 La. An., 315.

4. Absence of consent on the part of the prosecutrix was all that was
     necessary. Malone v. Com., 91 Ky., 307.
5. Facts warranted conviction.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was convicted in the Hopkins Circuit Court
under the following indictment: "The grand jurors of the
county of Hopkins, in the name and by the authority of
the Commonwealth of Kentucky, accuse Frank Wilkey of
the crime of rape, committed in manner and form as fol-
lows, to-wit.: The said Wilkey, in the said county of Hop-
kins, on the —— day of May, 1897, and before the finding
of this indictment, did unlawfully, willfully, forcibly, and
feloniously have sexual intercourse with and carnally know
Jennie Tyre, a female of and above twelve years of age,
without the consent and against the will of the said *Jane*
Tyre, against the peace and dignity of the Commonwealth
of Kentucky."

The first ground relied on for reversal is the action of
the court in overruling the demurrer to the indictment,
which counsel contends is defective because there is
omitted from the description of the offense charged the
technical term "ravish." It is undoubtedly the general
rule applicable to common-law-offenses, as said in Clark's
Criminal Procedure, cited by counsel, that "there are
certain technical phrases and terms of art which are so
appropriated by the law to express the precise idea which
it entertains of an offense that they must be used in de-
scribing it;" and of these terms the word "ravish" was at
common law deemed indispensable in describing the offense
of "rape." But unquestionably the necessity for the use
in an indictment of that or any like term may by statute
be obviated, and other phrases substituted. And this
proposition was recognized in Kaelin v. Com., 84 Ky., 354

[1 S. W.., 594], in the following language: "In order to keep an intelligent view of the issue before the mind, it must be remembered that the appellant is not accused in the indictment of any crime created by statute, *nor of any crime defined by statute*, but of the common-law crime of murder, which the statute of the State does not define, but simply fixes the punishment to be inflicted for committing the crime. So, in determing the question of the sufficiency or insufficiency of the indictment before us, we must of necessity resort to the rules of the common law." And it was therefore held in that case that the failure to allege that the act of killing was *feloniously* committed rendered the indictment fatally defective. But the crime of rape of a female of and above twelve years of age is defined in section 1154 as follows: "Whoever shall unlawfully carnally know a female, of and above twelve years of age, against her will or consent, or by force, or whilst she is insensible, shall be guilty of rape, and punished by confinement in the penitentiary not less than ten nor more than twenty years, or by death, in the discretion of the jury." It will be observed that by the language of that section the act of rape is as completely defined as if there had been used the word "ravish," which implies nothing more than that the act was done forcibly, and against the will of the woman. Moreover, it is provided that the act therein described, when committed, *is* rape; and, such being the case, the use in an indictment of the term "ravish," in addition to the words employed in the statute, would be superfluous and unnecessary. That section 1154 was intended to fully describe or define the act of rape on a female of and above twelve years of age is made manifest by section 1152, which simply provides for the punishment of the common-law crime of rape when committed upon the

body of an infant under twelve years of age, without an attempt to define it. And therefore in an indictment under that section the crime was intended and must be described as at the common law. It is true, the mere act of rape, and not the intent with which it may be committed, is defined in section 1154; and consequently, as held in Hall v. Com., 15 Ky. Law Rep., 856 [26 S. W., 8], it must be alleged as at, and according to the common law, the act was done "felouiously."

Another objection to the indictment is that the proper names of Jennie and Jane are both used in the indictment. In our opinion, there was not, nor could have been any confusion as to the identity of the person upon whom the offense is alleged to have been committed, and therefore the variance is not material.

The next ground of reversal relied on is that there was no evidence to show that the crime was committed in Hopkins county, where the indictment was found, and that the court erred in not giving a peremptory instruction to find for the defendant, as asked. The only proof on that question, as appears from the record, was that the crime was committed in "Rhea's wheat field," about 400 yards distant from the residence of Joe Tyre. In Com. v. Patterson, 10 Ky. Law Rep. 167 [8 S. W. 694], the evidence showed that the crime was committed at the house of the prosecutrix, in Springfield; and it was held that no other proof as to the venue was necessary, because the court and jury are presumed to know that Springfield is the county seat of Washington county. In Hays v. Com., 12 Ky. Law Rep. 611 [14 S. W. 833], the evidence was that the crime was committed at the house of John Milburn, in the Hendren District, 16 miles from Springfield. It was there held that, as the trial judge and jury

knew that Springfield was the county seat of Washington county, it is presumed they knew that Hendren district was in that county. In Combs v. Com., 15 Ky. Law Rep. 659 [25 S. W. 592], the proof was simply that the offense was committed at the "mouth of Buckhorn, and at Jones & Fields' storehouses;" and it was held to be sufficient evidence to authorize the jury to find it was committed in the county alleged in the indictment. In the first two cases cited the localities proved were, as held, from necessity within the presumed knowledge of the court and jury. In the last case the localities (at least, the mouth of the water course mentioned) evidently were so notorious, as it may be without difficulty presumed, that the court and jury knew they were in the county in which the indictment was found. But there was no evidence in this case whatever authorizing the jury to believe and find that the crime was committed in the county of Hopkins, and it would be going too far to sanction a verdict based upon the existence of an indispensable fact, which the jury did not, nor could, find from the evidence before them to exist. In our opinion, as this record stands, the defendant was entitled to a peremptory instruction. We perceive no other error of law; but for the one mentioned the judgment is reversed, and the cause remanded for a new trial.