## Commonwealth v. Ward, et al.

(Decided October 7, 1919.)

### Appeal from Rockcastle Circuit Court.

1. Criminal Law—Venue.—A circuit court does not have jurisdiction to find, or hear or try an indictment for the commission of an offense, which occurred wholly in another county, except jurisdiction to do so, be conferred upon it by the circuit court of the county, wherein the offense was committed, by ordering a change of the venue of the prosecution to it, as provided by law for the change of venue of a pending indictment or information.

2. Criminal Law—Jurisdiction—Consent of Accused.—Where a circuit court does not have jurisdiction of the subject matter of a prosecution, it can not acquire jurisdiction of the person of the accused, without his consent.

CHARLES H. MORRIS, Attorney General, and W. N. FLIPPIN for appellant.

HALL & JONES and BETHURUM & WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is an appeal by the Commonwealth of Kentucky from a judgment of the Rockcastle circuit court, which sustained a demurrer of the appellees to an indictment returned against them and one Boyd Kelley, by the grand jury of that county, accusing them and Kelley of the crime of murder, committed, as alleged, in Harlan county. The briefs of counsel state many alleged facts, which the record does not contain, and in so doing, they overlooked the fact, that the only question before this court is a question of law, which must be determined from the record of the appeal, which has been filed here by the appellant, and that in determining such question, we are confined to the record. The record shows, that an indictment for the murder of Luther Shipman, in Harlan county, was returned by the grand jury, of the circuit court, in that county, against Boyd Kelley and the appellees, excepting White, in which the appellees and Kelley were jointly charged with the commission of the crime, in Harlan county. The style of the indictment was the Commonwealth of Kentucky v. Boyd Kelley and the appellees, by name, for willful murder and the indictment was endorsed No. 16. Thereafter, at the Janu-

ary term, 1919, of the Harlan circuit court, the following order appears from the record to have been made, in the prosecution of the indictment:

"Commonwealth of Kentucky

v.            Murder, No. 16.

Boyd Kelley, John A. Ward, G. W. Smith, Moses Burkhart, Bradley Burkhart, Ewell King, Dwight Pace, Lloyd Middleton, Pearl Noe, George Dean, and Wright Wynn: On motion of the Commonwealth's Attorney and his written statement, herein, the indictment herein, against John A. Ward, G. W. Smith, Moses Burkhart, Bradley Burkhart, Ewell King, Dwight Pace, Lloyd Middleton, Pearl Noe, George Dean, and Wright Wynn, is dismissed as against each of these defendants named, and passed as to the defendant Boyd Kelley."

Following this order, but, upon the same day, an order of the Harlan circuit court, appears, to the effect, that the Commonwealth's attorney filed a statement and moved the court to transfer the venue of the case, to some county other than Harlan county, and that the court being advised, ordered that the venue be changed to Rockcastle county, and set for trial in the circuit court for Rockcastle county, on the 3rd day of the May term, 1919, "to all of which the defendant excepts." On the same day, an order shows, that Boyd Kelley, entered into bond for his appearance to answer the indictment in the Rockcastle circuit court, on the day upon which it was set for trial. Then follows, an order made, in a prosecution, which is styled, "The Commonwealth of Kentucky v. Boyd Kelley, Murder, No. 16," which amends the preceding order, with reference to the transfer of the prosecution from the Harlan circuit court to the Rockcastle circuit court. The record likewise contains a copy of a statement signed by the Commonwealth's attorney, in the Harlan circuit court, and presumably made in the prosecution, designated as "Murder, No. 16," in which there is a motion to dismiss the indictment as to John A. Ward, G. W. Smith, Mose Burkhart, Bradley Burkhart, Ewell King, Dwight Pace, Lloyd Middleton, Pearl Noe, George Dean, and Wright Wynn, upon the alleged ground, that "this case can not be made out against them."

Thereafter, at the May term, 1919, of the Rockcastle circuit court, the Commonwealth's attorney filed a statement, containing the grounds for his motion, and moved the court, to order the indictment for the murder of Luther Shipman to be quashed, and a reference of the prosecution to the grand jury of the Rockcastle circuit court. This motion was sustained, and an indictment was returned against the same persons, who were accused of the murder of Luther Shipman, by the original indictment in the Harlan circuit court, and in addition to them, one Joe White. The appellees, John A. Ward, G. W. Smith, Moses Burkhart, Bradley Burkhart, Ewell King, Dwight Pace, Lloyd Middleton, Pearl Noe, George Dean, Wright Wynn and Joe White were arrested upon bench warrants and brought before the court, when they interposed a demurrer to the indictment, as against them. This demurrer was sustained, and the appellees discharged from custody, and it is from this judgment, that the appeal is taken.

The judgment appealed from, shows, that the appellees were brought into the Rockcastle circuit court in the custody of the sheriff, who had seized them, by virtue of a bench warrant, issued upon the indictment, found against them in that court, and that they protested against the proceeding, and entered the demurrer, the ground of which was the want of jurisdiction of the court of the offense charged against them.

Section 11, of the Constitution enumerating certain rights of the accused in criminal prosecutions, among other rights guaranteed to them, contains the following: "A speedy public trial by an impartial jury of the vicinage; but the General Assembly may provide by a general law for a change of venue in such prosecutions for both the defendant and the Commonwealth, the change to be made to the most convenient county, in which a fair trial can be obtained."

Section 1145 Ky. Stats., provides: "All offenses shall be tried in the courts, or by the tribunals, of that county or city having jurisdiction of them, in which they were committed, except in cases otherwise provided for."

Section 1146 Ky Stats., provides: "When it is a matter of doubt, in the opinion of the court, in which of two or more counties the offense was committed, the court of either in which the indictment is found, shall have jurisdiction of the offense."

Section 1147, Ky. Stats., is as follows: "If a mortal wound or other violence or injury be inflicted, or poison be administered in one county or corporation, and death ensues in another, the offense may be prosecuted in either."

Section 18, Criminal Code, provides: "The local jurisdiction of circuit courts and justices' courts shall be of offenses committed within the respective counties in which they are held."

From the above statutes, it is very plain, that a circuit court has jurisdiction to try and determine indictments for the commission of only such offenses, as are committed within the county, where the court is held, except in the instance mentioned in section 1146, *supra,* where in the opinion of the court, there is doubt, as to which county the offense was committed in, and in section 1147, *supra,* where to give it jurisdiction, either the injury must be inflicted, or the result occur in the county. The only general exception to this rule is where a change of venue is granted, and this applies to the trial and the administering of the penalty, and not to the initiation of the prosecution. It is not intended to hold that the section of the Constitution quoted, entitles an accused to have a trial before a jury of the county, in which the offense is committed, by the language, "an impartial jury of the vicinage," as the provisions of that section of the Constitution are subject to the exception, which becomes operative, where a change of venue is granted, when that is done as provided by the general law upon that subject, embraced within sections 1109 to 1126, inclusive, Ky. Stats., and provided for in the section of the Constitution, quoted. A circuit court, however, does not and can not have jurisdiction to hear and punish an offense, which was wholly committed, in a county other than the one in which it sits, unless an order for a change of venue has been made, in the court having jurisdiction of it, in the county, where the offense was committed, conferring jurisdiction to hear and determine the indictment or information charging the offense, upon the circuit court, in some other county. The record, here, shows, that the alleged crime, for which the indictment returned in the Rockcastle circuit court, was found, occurred wholly within Harlan county, and hence, the Rockcastle court could have no original jurisdiction of it. Section

1117 Ky. Stats., provides, that the court to which a removal of an indictment for a crime is made shall have the same jurisdiction to dispose of the case, as the court had from which it was removed, and if the indictment should be quashed or a *nolle prosequi* entered, a new indictment may be found by a grand jury of the county to which the removal of the venue is made, and the case disposed of as though the offense was committed in the latter county. The provisions of this section, however, could only include indictments for such offenses, as had been removed to it by a change of venue.

The transfer of the jurisdiction to hear and determine an indictment against one to another jurisdiction would not include the cases of others jointly indicted with the one, the prosecution against whom was transferred, and especially, after the indictment against them had been dismissed, and was no longer pending, as there is no provision for transferring the jurisdiction to try an offense, other than one about which a prosecution is pending. The record shows, that there was never an indictment against the appellee, Joe White, in Harlan county, and the indictment against the other appellees had been dismissed, and no prosecution or indictment was then pending against either of them, and the court had lost jurisdiction over their persons if it ever had any, before the change of venue was granted, and the order for a change of venue could have only applied to the indictment against Boyd Kelley, the only one against whom the indictment was pending. Hence, the Rockcastle circuit court, not having jurisdiction of the offense committed by the murder of Luther Shipman as it might apply to the offense of either of the appellees, or to any person other than Boyd Kelley, the grand jury of that county, was without authority to indict them for the offense.

The court being without jurisdiction as to the subject matter of the indictment, as applying to the appellees, could not take jurisdiction of their persons without their consent, properly sustained the demurrer. The judgment is therefore affirmed.