## Warman v. Commonwealth.

(Decided February 10, 1922.)

### Appeal from McCreary Circuit Court.

1. Criminal Law—Venue.—Direct evidence of venue in a criminal case is not necessary, but this like any other fact may be established by proof of facts and circumstances from which it may be inferred.

2. Robbery—Venue.—Evidence merely that a robbery was committed at a named private residence and of its distance from other private residences is not proof of facts from which venue may be inferred, since it can not reasonably be presumed that the jurors will know whether or not the residences of private citizens are in or out of the county.

3. Robbery—Presumptions—Judicial Notice.—Although such a presumption is reasonable with reference to a place of local prominence it is not reasonable with reference to a private residence shown to be about nine miles east or southeast thereof, since it is not presumed that the trial court and jurors know the exact location with reference to the county lines of places of merely local prominence and of which this court does not take judicial notice.

STEPHENS & STEELY, DENTON & PERKINS and JOHN W. SAMPSON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The defendant was convicted of robbery and his punishment was fixed at confinement in the penitentiary for

three years.  Numerous grounds are urged for reversal, but we shall discuss only the one we consider of sufficient merit to warrant a reversal and that is that the court erred in overruling defendant's motion for a peremptory instruction after all the evidence had been heard because there was no proof that the crime was committed in McCreary county.

It was shown simply that the robbery was committed at the home of Mrs. Jane Vanover, but no witness for either side was asked or stated whether or not her residence was in McCreary county.

There was, therefore, no direct evidence upon this essential jurisdictional fact, but, under the authorities of this state, and by the great weight of authority elsewhere, such evidence is not necessary; and this, like any other fact which the Commonwealth must charge and prove, may be established by proof of facts and circumstances from which it may be inferred.  Newton v. Commonwealth, 158 Ky. 4, 164 S. W. 108; Keefe v. Commonwealth, 175 Ky. 51, 193 S. W. 645; Kennedy v. Commonwealth, 30 R. 1063, 100 S. W. 242; Commonwealth v. Combs, 15 R. 659, 25 S. W. 592; Warner v. Commonwealth, 27 R. 219, 84 S. W. 742, 16 C. J. 768.

By piecing together incidental statements of the witnesses for the plaintiff and the defendant it is fairly clear that the home of Mrs. Vanover, where the robbery occurred, is located about nine miles east or southeast of Cumberland Falls station; that Bill Warman and Tom Rose live within one-half mile of each other and about half way between Mrs. Vanover's and Cumberland Falls station.

Counsel for the Commonwealth insist that these facts considered in connection with the fact that the jury were instructed that they could not find the defendant guilty unless they believed from the evidence beyond a reasonable doubt that the robbery was committed in McCreary county, authorized the inference by the jury that the crime was committed in that county.  But the instructions given could neither supply nor cure a failure of evidence and they, of course, can not properly have any place upon a consideration of whether or not a peremptory should have been given.  Manifestly that question must be decided upon the evidence alone.

From an examination of the Kentucky cases cited above, and upon which the Commonwealth relies, we find

that the evidence held sufficient to carry the case to the jury on this question was in the Keefe case, that an illegal sale of liquor occurred at the "Old Tub Fowler Distillery;" in the Kennedy case, that a homicide occurred "at or near the Greenbrier Spring;" in the Combs case, that a killing occurred "at the mouth of Buckhorn and at Jones and Fields' storehouses;" and in the Warner case, that the shooting was in the L. & N. depot at Twelfth and Broadway streets, in Louisville; while in the Newton case it was simply held that the circumstances which occurred in Daviess county were sufficient to prove the commission of the crime and necessarily, therefore, the venue as well. This last case, therefore, is inapplicable here, but the others are doubtless the strongest that can be found in support of the Commonwealth's position, and, in our judgment, mark the extreme limit to which we can go unless the question of venue or jurisdiction is to be left to a mere chance that the jurors or some of them may know the locations proven, and such a position would certainly be unsupported by reason as it is by authority. The essential difference between these four cases and the one at bar is that in each of them the place at or near where the crime was proven to have been committed was one to which the local public was invited and resorted for business or pleasure or else a place of local prominence, and therefore, it was reasonably presumed to be within the knowledge of the trial court and the jury whether or not it was in the county; whereas here the place was merely a private residence and it cannot reasonably be presumed that the court and jurors would know whether it was in or out of the county. This precise question was decided in Wilkey v. Commonwealth, 104 Ky. 325, 47 S. W. 219, where proof that a crime was committed "in Rhea's wheat field about four hundred yards distant from the residence of Joe Tyre" was held insufficient proof of the venue. Cases from other jurisdictions to the same effect are cited in 16 C. J. 770, note 4.

Hence, proof that the robbery was committed at the home of Mrs. Vanover and that her home was a certain distance from other private residences is not proof of any fact or circumstance from which the jury might have inferred it was committed in McCreary county.

Unless, therefore, proof that Mrs. Vanover's residence is located about nine miles east or southeast of

Cumberland Falls station is sufficient for the purpose, no facts or circumstances were proven from which venue could have been inferred by the jury.

While we are quite willing to presume that the trial court and jurors knew whether or not Cumberland Falls station, evidently a small station on the Southern Railroad, was in or out of the county, just as the trial court and jurors were presumed to know whether or not the Old Tub Fowler Distillery, the Greenbrier Spring, and the mouth of Buckhorn were in or out of the counties involved, it does not follow that we must, or as reasonably can, presume that the trial court and jurors knew the precise location of such place with reference to the county lines so as to enable them to tell whether or not a point about nine miles east or southeast of such place was in or out of the county. In other words, the presumption that the trial court and jurors will know whether or not a place of evident local prominence at which a crime was committed is in the county is considered reasonable, but the presumption that they will know as a matter of local common knowledge whether another place of no local prominence, a considerable distance from such a place, is in the county or not seems wholly unwarranted, especially where, as here, the place of the crime is only indefinitely located as to both direction and distance with reference to such a place.

The defendant did everything he could upon the trial to raise and save the question, since he challenged the sufficiency not only of the Commonwealth's evidence but of all the evidence by timely motions for a directed verdict for no other apparent reason than for a failure to prove the venue.

We are, therefore, of the opinion that the judgment must be reversed, and it is so ordered, with directions for another trial.