## Justice v. Commonwealth.

(Decided May 24, 1927.)

### Appeal from Pike Circuit Court.

1. Criminal Law.—If there is evidence from which jury might conclude that offense was committed in county of trial, Court of Appeals will not disturb verdict for failure to show commission of offense in such county.

2. Criminal Law.—Jury and court are not presumed to know where home of every man in county of trial is located, or names of all citizens in particular county.

3. Criminal Law.—Jury is presumed to know that precinct and town are in certain counties.

4. Criminal Law.—In prosecution for homicide, evidence which merely establishes that offense took place at home or store of certain man, without facts in record showing that place where offense was committed was well known or well recognized, is insufficient to show that offense was committed in county of trial.

5. Criminal Law.—In prosecution for homicide, testimony by constable arresting defendant that he was constable of county in which trial was had, that he arrested defendant on night of homicide and immediately brought him to county seat, authorized finding that offense was committed in county of trial, in absence of showing that offense took place elsewhere.

6. Criminal Law.—Officer arresting defendant prosecuted for homicide is presumed to have done his duty.

7. Criminal Law.—That evidence authorizing finding that offense was committed in county of trial was not before court on motion for peremptory instruction to acquit for want of showing that offense was committed in county of trial does not prevent its consideration by jury on final submission of case.

8. Criminal Law.—Error of court in overruling motion for peremptory instruction for failure to prove offense was committed in county of trial held cured by evidence subsequently submitted authorizing finding that offense was committed in such county.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Claredy Kinney was killed by the appellant, Fred Justice. The killing took place at the home of McKinley Gillespie in February, 1926. Appellant with Robert Turner came to the home of Gillespie and walked into his room uninvited. Gillespie had a pistol buckled around him which he had won from Robert Turner. At the time of their entry Gillespie was engaged in looking after his brother-in-law, James Kinney, who was drunk. When Justice came into the room he attempted to get the pistol which Gillespie had buckled around him, and in the ensuing scuffle over the pistol it was discharged without fatal results or damage to any one. The scene of the conflict was then moved from an upstairs room to a downstairs room, where Turner challenged Gillespie to a fair fight without pistols. Justice was present. Gillespie accepted the challenge and pulled off his pistol and he and Turner engaged in a fight. James Kinney, the drunken brother-in-law, came in and without permission from either side also commenced to fight Turner. Claredy Kinney came into the room, but so far as the evidence goes he took no part and sought to make his exit without delay when he saw what was going on. The appellant, Justice, fired a shot, probably at Gillespie, although there is some controversy as to whether he fired at Gillespie or at Claredy Kinney. At any event the ball took effect in the back of Claredy Kinney's head killing him.

The appellant is seeking to avoid the punishment inflicted on him by the jury, which prescribed that he should serve nine years in the state penitentiary, on the ground that the proof for the commonwealth does not show that the offense was committed in Pike county. At the conclusion of the evidence offered by the commonwealth appellant moved the court to instruct the jury to acquit him, and he complains because the court overruled this motion. The testimony is not all that it should be on this point, but if there was evidence from which the jury might conclude that the offense was committed in Pike county, we will not disturb the verdict on that ground. The evidence shows that the offense took place at the home of McKinley Gillespie, which also is a place where Gillespie ran a store in connection with his residence. Appellant admits that the offense was committed at that place. The evidence in this case is weaker than the evidence in the case of Hays v. Commonwealth, 14 S.

W. 833, 12 Ky. Law Rep. 611. In that case the offense took place at the home of a witness who testified that he lived in the Hendron district 16 miles from Springfield. The court in that case held that the jury must be presumed to know that the Hendron district was in Washington county. There is nothing in this case to indicate that the witness, McKinley Gillespie, resided in any political subdivision of the county, or near a post office, town, or well known and recognized point in Pike county. It cannot be said that the jury and the court are presumed to know where the home of every man in Pike county is located, or the names of all of the citizens in Pike county. It is very true that if the evidence in a case discloses that the offense took place in the "Bee Spring" precinct, that the jury is presumed to know that the "Bee Spring" precinct is in a certain county, or, if the proof should show that the offense took place at Kyrock, the jury might be presumed to know that Kyrock was a mining town in a certain county; but where the proof goes no further than to establish that the offense took place at the home or the store of a certain man without facts or circumstances in the record showing that the home of the man or the place where the offense took place was well known or well recognized, we are unwilling to hold that such evidence was sufficient to show that the offense was committed in the county.

There is one other fact, however, that appears in this record which was evidence from which the jury may have reached the conclusion that the offense occurred in Pike county. Rufus Justice is introduced as a witness for the appellant. He testified that at the time of the killing for which appellant was tried he was a constable of Pike county, and that he was acquainted with appellant and arrested him on the night of the killing and brought him to Pikeville. He found him at the home of a man named Mullins. It is presumed that the officer who arrested him did his duty, and, as he arrested him on the night of the killing and evidently near the place where it took place and then carried him to Pikeville, the jury may have concluded from this evidence that the offense took place in Pike county. This is strengthened by the fact that there is not a word of evidence in the record by the witnesses of appellant or the commonwealth tending to show that the offense took place in any other county. It is true that the constable may have arrested him wherever he found him if he had information that he had

committed a felony, but as he arrested him on the same night of the tragedy and conveyed him immediately to the county seat of Pike county, we think that was sufficient to justify the jury in finding that the offense was committed in Pike county. This evidence was not before the court when the motion for a peremptory instruction was overruled, but that does not alter the fact that it might be considered by the jury when the case was finally submitted to it. The appellant by his evidence cured the error of the court in overruling the motion for a peremptory.

Complaint is made about the instructions, but they appear to us fair, and the rights of the appellant were not prejudiced by the instructions given by the court.

Judgment is affirmed.