## Rounds v. Commonwealth.

April 23, 1940.

Sidney B. Neal, Judge.

Louis I. Igleheart for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellant, James Rounds, was convicted of voluntary manslaughter and sentenced to twenty-one years' imprisonment. He shot Herbert Floyd during the afternoon of Labor Day, September, 1939. He claimed to have shot in self-defense, and there is much evidence to sustain the claim. The penalty seems to us to be extreme, but it cannot be said that the evidence of the Commonwealth was not sufficient to sustain the verdict. A reversal of the judgment is sought upon the ground that there was no proof that the killing occurred in Daviess County and that error was committed in the introduction of evidence in rebuttal.

The only evidence tending to establish venue was that the homicide occurred in the yard of Sam Walker who lived at 1713 Lewis Street. Other witnesses stated they lived at different house numbers on Lewis Street, so many doors from Walker. The defendant and another testified they lived nearby in Gunther's Alley. A neighbor stated she cooked for a certain man and before the killing had walked home from Frederica Street. That is the extent of the evidence.

Difference of opinion prevails among the courts as to the degree of proof required to establish venue. Some courts hold that it must be proven beyond a reasonable doubt or by the preponderance of the evidence, while others hold that it may be done by slight evidence and, therefore, need not be proved beyond a reasonable doubt. Wharton's Criminal Evidence, Section 929. From time immemorial it has been customary in this jurisdiction for the instructions to hypothecate guilt upon the belief by the jury from the evidence beyond a reasonable doubt that the accused committed the offense charged in the indictment, in the named county, yet it has been repeatedly declared that it takes only slight evidence, either direct or circumstantial, to sustain the venue, since that does not affect the issue of guilt or innocence. Sebree v. Commonwealth, 200 Ky. 534, 255 S. W. 142; Ford v. Commonwealth, 259 Ky. 492, 82 S. W. (2d) 785.

What is slight evidence may itself give rise to a difference of views. If the evidence discloses the offense was committed in a city, town or village, or at or near some well-known landmark or public place, or in a particular district or locality, it has been regarded as sufficient. Justice v. Commonwealth, 220 Ky. 209, 294 S. W. 1046; Nelson v. Commonwealth, 232 Ky. 568, 24 S. W. (2d) 276. The reason is that the jury being of the vicinage are presumed to have knowledge of local geography. It is recognized, however, that they may not know the location of private places, such as the homes of particular persons. The precedents are reviewed in Nelson v. Commonwealth, supra, and in Warman v. Commonwealth, 193 Ky. 701, 237 S. W. 378. In the latter case evidence that a robbery was committed at the home of a certain person and that her home was a certain distance from other residences was held not to be sufficient proof from which the jury could infer that

the venue was in McCreary County. In Wilkey v. Commonwealth, 104 Ky. 325, 47 S. W. 219, 20 Ky. Law Rep. 578, the only evidence to sustain venue was " 'Rhea's wheat field' about 400 yards distant from the residence of Joe Tyre." It was not sufficient. In Justice v. Commonwealth, supra, the insufficiency of mere reference to a place not shown to be well known is elaborated upon; but the additional fact that an officer of Pike County had arrested the defendant, which carried with it the presumption that the officer had not gone beyond the limits of the county in doing so, strengthened by the fact that there was no word or evidence tending to show that the crime was committed in any other county, was held sufficient to sustain the verdict of guilt. It must be admitted, however, that the decision barely carries its own weight.

For the first time we are presented with the proposition of whether mere reference to certain streets is evidence of venue sufficient to support the verdict.

It is agreed by all the courts that venue will not be presumed though it may be inferred from circumstances provided they fairly and reasonably afford a basis for the inference. The weight of authority is that mere reference to certain streets will not sustain a verdict that the offense was committed within the jurisdiction of the court. Kolman v. State, 124 Ga. 63, 52 S. E. 82; Whitfield v. State, 51 Ga. App. 439, 180 S. E. 630; City of Chicago v. Murphy, 188 Ill. App. 449; People v. O'Gara, 271 Ill. 138, 110 N. E. 828; State v. Schuerman, 70 Mo. App. 518; Brunson v. State, 4 Okl. Cr. xiii, 115 P. 606; State v. Brooks, 222 Iowa 651, 269 N. W. 875. There are some other cases in the several jurisdictions cited.

It is observed that in Georgia, where there are several cases holding that merely proving the names of certain streets is not sufficient, it is declared that the fact of venue must be established beyond a reasonable doubt. But in Illinois, where the same rule in respect of insufficiency is followed, it is held that evidence of venue need not exclude every reasonable doubt. People v. McIntosh, 242 Ill. 602, 90 N. E. 180.

In People v. McGregor, 88 Cal. 140, 26 P. 97, 98, a prosecution for attempted burglary, venue was regarded as sufficiently established where "a half dozen of the

principal and best known streets of the city of San Francisco were named, between or upon which the crime was committed,'' in connection with ''surrounding circumstances,'' and the fact that a policeman of that city, on his regular beat, saw the accused on the street at or near the time and place of the commission of the crime. This was followed in Ex parte O'Connor, 80 Cal. App. 647, 252 P. 730, 732, in a habeas corpus proceeding after conviction on the charge of ''false advertising of real property,'' the court ''considering all of the evidence'' in connection with the naming of a house number on South Concord Street in Los Angeles. The first-mentioned California case cited as authority State v. Ruth, 14 Mo. App. 226, in which the evidence referred to several prominent streets of St. Louis. But in the later case of State v. Schuerman, supra, that court held merely referring to the house number and street where an offense was committed was not sufficient proof of venue. There are several cases in other jurisdictions where the evidence indirectly disclosed that streets mentioned as the locality of the crime were within the city where the court was being held and thereby established venue; but the foregoing are like the case at bar, which is wholly devoid of any reference to the city. It is apparent from the fact that all parties are negroes, that the streets referred to in this trial as the place of the homicide are in a negro section, though Frederica street, from which one witness had come, is not. There are several cities near Owensboro not in Daviess County. It cannot be assumed that a jury was familiar with the location of such streets as it might have been had the street on which the killing occurred been more prominent or peculiarly identified with Owensboro.

The Bills of Rights of the Constitution of Kentucky (Section 11), and of the Federal Constitution (Sixth Amendment), declare that a person accused of crime shall be tried by a jury of the district or vicinage wherein the crime was committed, except as provision for a change of venue may be made. Section 1145, Kentucky Statutes, declares that all offenses shall be tried in the courts of the county in which they were committed, except in cases otherwise provided for. Section 18 of the Criminal Code of Practice prescribes the local jurisdiction of circuit courts ''shall be of offenses committed within the respective counties in which they are held.''

Therefore, in the absence of a change of venue, the Daviess Circuit Court was without jurisdiction to try the accused of this offense unless it was proved to have been committed within Daviess County. Commonwealth v. Ward, 185 Ky. 295, 215 S. W. 31.

An indictment must be direct and certain as regards the county in which the offense was committed. Section 124, Criminal Code of Practice. The indictment in the case at bar does directly charge the defendant with having committed the crime of murder in Daviess County. The defendant's plea of not guilty was a denial of that charge and put in issue that and every other material fact charged in the indictment, thereby requiring the Commonwealth to prove all of them. This is a rule coming down from the days when Englishmen were demanding security from unjust prosecutions. Of course, no one would deny these specific rights and this elementary law. They are referred to only as showing the extent to which the rights of a person charged with crime are secured and as emphasizing that it is more than a technical right of an accused person to have the fact of venue proven to establish jurisdiction. To hold that the evidence produced on the trial of this case was sufficient proof in this respect would be to hold that the fact of jurisdiction may be altogether presumed or to place the burden upon the defendant to show it not to exist.

In the light of the omission of any sort of evidence tending to show directly, indirectly or inferentially that the offense was committed within the jurisdiction of the court, the defendant was entitled to have his motion for a peremptory instruction to be found not guilty sustained.

During the introduction of evidence in chief, a witness for the Commonwealth, Helen Walker, at whose home the killing occurred, stated that Bertha Hayden came and took the defendant home, but he came back. The defendant substantially admitted this, except his testimony left the impression that the trouble arose while he was in the act of leaving. In rebuttal the Commonwealth introduced Bertha Hayden who detailed that she had taken Rounds away and that he had returned to the Walker yard. Another witness did likewise. This evidence should have been presented in chief, for, though having the nature of contradiction, it was in reality

substantive proof and an accused person is entitled to have the prosecution complete its case against him before he sets out to overcome its proof. But the end to be achieved in any trial is the truth of the matter, and the court seldom finds prejudicial error to have been committed in the order in which evidence is introduced, it being a matter within the discretion of the trial judge. We do not regard this to be of that character. Childers v. Commonwealth, 161 Ky. 440, 171 S. W. 149; Tibbs v. Commonwealth, 241 Ky. 809, 45 S. W. (2d) 482.

The judgment is reversed.

Whole court sitting except Judge Rees.