## WARREN v. COMMONWEALTH.

Court of Appeals of Kentucky.
Dec. 19, 1952.

Grant F. Knuckles and W. R. Lay, Pineville, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

Appellant, a man forty-three years of age, was convicted and sentenced to two years in the penitentiary under an indictment charging him with the offense of attempted rape of a female under the age of twelve years. The child involved was ten years of age, and the offense is alleged to have occurred in a moving picture theater. We shall omit the name of the child and the revolting details which this record discloses.

 Although appellee was indicted under KRS 435.080(2) which fixes a penalty of not less than five nor more than twenty years' imprisonment, the jury was instructed under KRS 435.110, prescribing punishment upon conviction of not less than two nor more than seven years' confinement in the penitentiary. Appellant was not prejudiced by the instruction, since it enabled the jury to impose a less penalty than that fixed by the statute under which the indictment was drawn.

The only error urged in this Court is the failure of the lower court to sustain a demurrer to the indictment because of its omission of the word "felonious." We regard the contention as unsound for two reasons.

 By the 1942 amendment to Section 126 of the Criminal Code, it is provided by subsection 3 that it is not necessary for an indictment to allege that the offense was committed or the act done feloniously unless such characterization is necessary to charge the offense under Section 122 of the Criminal Code.

In any event, and aside from the provisions of the 1942 amendment to Section 126, the indictment in this case would have been good. The use of the word "felonious" was required only in indictments charging common law felonies or in statutory felonies where the word is included in the statutory description of the offense. KRS 435.080(1), which was formerly Section 1152, Carroll's Kentucky Statutes, prescribing the punishment for rape upon a child under twelve years of age, is a common law felony since it merely provides a penalty and resort must be had to the common law for a description of the offense. Wilkey v. Commonwealth, 104 Ky. 325, 47 S.W. 219; Green v. Commonwealth, 268 Ky. 475, 105 S.W.2d 585. Attempted rape was not a felony at common law, and the offense created by KRS 435.080(2), formerly Section 1153 of Carroll's Kentucky Statutes, is strictly a statutory felony. The word "felonious" not being used in the statute as characterizing the offense, its use in the indictment is unnecessary.

The judgment is affirmed.