**William (Billy) WOOSLEY, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 14, 1956.

M. J. Hennessey, Augusta, A. J. Jolly, Newport, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal by William (Billy) Woosley, Jr. is from a conviction of the crime of maliciously cutting and wounding another person. A penalty of ten years imprisonment was imposed. On a former trial and conviction the penalty was fifteen years. That judgment was reversed on the ground that a continuance should have been granted. Woosley v. Commonwealth, Ky., 282 S.W.2d 625. A reversal of the present judgment is sought upon the sole ground that the court should have directed a verdict of acquittal because of the absence of evidence that the crime charged was committed in Bracken County.

The chief prosecuting witness, James Bonfield, testified that he was first accosted by Haley, Woosley being with him, in Brooksville, the county seat, where he had stopped for two other men. They went to Gertrude, in Bracken County, to "pick up some horses." He then went to "Dr. Wallin's farm," 8.1 miles from Brooksville, and was in the act of unloading the horses

at the barn when the appellant and Haley drove up and assaulted and seriously cut him with a knife. Another witness testified the cutting took place at Dr. Wallin's farm. The question is whether this sufficiently proved venue.

One of the essentials in a criminal prosecution is a trial "by an impartial jury of the vicinage," subject to a change of venue according to proper procedure. Section 11, Kentucky Constitution. Vicinage in this connection means that the original venue is in the county in which the offense charged, or part of it, was committed. KRS 431.010; Spencer v. Commonwealth, 194 Ky. 699, 240 S.W. 750. Venue is a jurisdictional fact of locality charged in the indictment and put in issue by a plea of not guilty. Venue must be proved, but since it does not affect the issue of guilt or innocence, although the instructions submit it as one of the elements to be proven beyond a reasonable doubt, in this jurisdiction it has been consistently held that slight evidence, supported by inferences and reasonable presumptions of knowledge by local jurors, is sufficient. But, as written in Rounds v. Commonwealth, 282 Ky. 657, 139 S.W.2d 736, 737:

"What is slight evidence may itself give rise to a difference of views. If the evidence discloses the offense was committed in a city, town or village, or at or near some well-known landmark or public place, or in a particular district or locality, it has been regarded as sufficient. Justice v. Commonwealth, 220 Ky. 209, 294 S.W. 1046; Nelson v. Commonwealth, 232 Ky. 568, 24 S.W.2d 276. The reason is that the jury being of the vicinage are presumed to have knowledge of local geography. It is recognized, however, that they may not know the location of private places, such as the homes of particular persons. The precedents are reviewed in Nelson v. Commonwealth, supra, and in Warman

v. Commonwealth, 193 Ky. 701, 237 S.W. 378. In the latter case evidence that a robbery was committed at the home of a certain person and that her home was a certain distance from other residences was held not to be sufficient proof from which the jury could infer that the venue was in McCreary County. In Wilkey v. Commonwealth, 104 Ky. 325, 47 S.W. 219, 20 Ky.Law Rep. 578, the only evidence to sustain venue was ' "Rhea's wheat field" about 400 yards distant from the residence of Joe Tyre.' It was not sufficient. In Justice v. Commonwealth, supra, the insufficiency of mere reference to a place not shown to be well known is elaborated upon".

In the Rounds case, after reviewing the domestic and many foreign cases, we held evidence that the homicide occurred in the yard of "Sam Walker, who lived at 1713 Lewis Street" was not sufficient proof of venue. In the present case we have only this proof, that the man assaulted had gone from Brooksville to a place called Gertrude in Bracken County and from thence to Dr. Wallin's farm where he was assaulted, and that the farm is eight miles from Brooksville. Bracken County is a small county and, at least on the east side, the county line is only about five miles from Brooksville.

We must reverse the judgment because of the failure of the Commonwealth to establish that the crime, of which the appellant was clearly proven guilty, was committed in Bracken County. As is discussed in some detail in the Rounds case, 282 Ky. 657, 139 S.W.2d 736, the right of a person accused of crime to have the jurisdiction of the court proved is more than technical. It is a right which comes down from the common law of England and is assured by the Bill of Rights of the Kentucky Constitution.

The judgment is reversed.