**William Ellis MERCER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 22, 1960.

Rehearing Denied March 25, 1960.

Gwin & Iler, Owensboro, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

BIRD, Judge.

William Ellis Mercer was indicted under KRS 434.070 for uttering a worthless check. He was convicted and his punishment was fixed at one year in the penitentiary. He appeals.

He complains that the court erred in refusing to direct a verdict for him and further he complains that the instructions were erroneous and did not give the whole law of the case.

The check was executed and delivered on February 12, 1959, but was dated February 13, 1959. It was presented for payment on February 13, 1959. Payment was denied because of insufficient funds.

Appellant insists the check is merely a promise to pay and does not come within the statute. He predicates this argument upon the fact that the check was issued on the 12th day and dated on the 13th day. In other words, he contends that it is a postdated check constituting in effect nothing more than a promissory note. For this reason he contends that he was entitled to a directed verdict. We cannot agree.

■ The mere fact that a check is postdated does not within itself establish its status as a promissory note. It must be understood by the parties that credit is being extended.

■ Let us look to the evidence of the person who accepted the check and paid the money:

"A. So I asked him, 'Bill,' I said, 'Now is this check good, *because if it isn't I don't want to be bothered with it.*' Bill said it was good. I O.K.'ed the check, and I gave him the cash."

Though appellant's testimony may have been wholly to the contrary it is quite clear that the foregoing testimony is sufficient to take the case to the jury on the question of credit.

■ He next complains that the instructions were erroneous and did not give the whole law of the case. Insufficiency of instructions was not mentioned in his motion for a new trial and we will therefore not consider the point on appeal. Lindon v. Commonwealth, Ky., 318 S.W.2d 431.

The judgment is affirmed.