John **WILLIS** and E!mer Willis, Appellants,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1960.

Fritz Krueger, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

The question presented on this appeal invokes a determination of whether the Commonwealth failed to establish that the crime was committed in Rockcastle County where it was tried by the circuit court.

We have pointed out that venue is a jurisdictional fact which is charged in the indictment and put in issue by a plea of not guilty. Woosley v. Commonwealth, Ky., 293 S.W.2d 625. Although it is one of the elements which must be proven beyond a reasonable doubt under the instructions, in this jurisdiction it has been continuously held that slight evidence supported by reasonable inferences based upon presumptive knowledge by local jurors is sufficient. See Rounds v. Commonwealth, 282 Ky. 657, 139 S.W.2d 736, and cases. cited therein.

The evidence we are requested to believe sufficient is indeed slight. The prosecuting witness was first asked to state his name to the jury, and then:

"Q. 2. Where do you live, Mr. Barnett? A. Route 3, Berea, Boone's Gap on Flat Gap Road.

"Q. 3. That is in Rockcastle County. A. Yes, sir."

We are—as was the jury—called upon to infer venue from additional evidence which established that the appellants, John Willis and Elmer Willis, lived about 500 yards east of the house where the victim lived. The crime (malicious cutting and wounding another with intent to kill) occurred on or near the public road between the house of the victim and the house of the appellants.

The Rounds case contains a complete review of domestic, as well as of many foreign cases, and repetition is not required. There, it was stated that if the evidence disclosed the offense was committed in a city, town or village or at or near some well-known landmark or public place, it was sufficient proof of venue for the rea-

son that the jurors of the vicinage are presumed to have knowledge of local geography. In the same opinion it was recognized that the jurors may not know the location of private places, such as the particular homes of various persons and, when that is all that has been offered, the reference to such a place or home is not sufficient.

In Warman v. Commonwealth, 193 Ky. 701, 237 S.W. 378, in a prosecution for robbery, the evidence was that it was committed at the home of Mrs. Vanover which was located about nine miles east or southeast of Cumberland Falls Station. The court said it was quite willing to presume that the jurors knew the location of Cumberland Falls Station, but was unable to presume that they knew whether another place of no local prominence, and a considerable distance away, was in the county or out of it.

 A reference to the testimony quoted above discloses that the witness's post office address was Route 3, Berea, which we judicially know is in Madison County. While Madison County lies generally north of Rockcastle County, still the irregularity of the dividing line between discloses that some portions of Madison County lie east of Rockcastle County. So, if he lived at or near the border, he may have walked in an easterly direction to the scene of attack in another county. In any event, we do not believe the description given—Boone's Gap on Flat Gap Road— is of sufficient geographical prominence to classify it as a well-known landmark or public place. The purpose of a road is usually to connect several communities or geographical locations. In the testimony above quoted, the witness named two places which appear on standard maps—Boone's Gap (close to the county line) and Berea. The former is situate in Rockcastle County and the latter in Madison County. Flat Gap Road may or may not connect these localities. We believe that even a person who is familiar with that territory would be unable to locate exactly the witness' home from the description given.

The law seeks to protect all rights by the application of technical rules which have evolved from the experience of those who have devoted themselves to the recognition and preservation of the rights of man. A rule which places upon the Commonwealth the duty to prove venue (and which is not concerned with the guilt or innocence of the accused) may be esoteric or technical, but its application results in the preservation of the ancient right to be tried "by an impartial jury of the vicinage." Kentucky Constitution, Section XI.

The facts of venue are so easily proven that the duty to show them is often forgotten under the pressure of presenting other important aspects of the case. Nevertheless, the performance of this duty is necessary to the protection of a fundamental right.

Judgment reversed.