Carl Edward WITCHER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1960.

J. Reid Caudill, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

BIRD, Chief Justice.

Carl Edward Witcher was charged with robbery and convicted. His punishment was fixed at confinement in the penitentiary for a period of five years. He appeals.

First he complains of the manner in which the verdict of the jury was formed. However, he made no complaint about this in his motion and grounds for new trial. Consequently, it will not be considered on appeal. Castle v. Commonwealth, Ky., 329 S.W.2d 562; Mercer v. Commonwealth, Ky., 332 S.W.2d 655.

There was some conflicting testimony as to whether the alleged criminal acts occurred in Allen County and thus the question of venue was raised. The trial judge by the usual instruction left it to the jury to determine whether or not the alleged acts occurred in Allen County.

Appellant contends that the court and not the jury should determine this issue of fact. We find no merit in this contention. In Rounds v. Commonwealth, 282 Ky. 657, 139 S.W.2d 736, 737, we find the following language:

"* * * From time immemorial it has been customary in this jurisdiction for the instructions to hypothecate guilt upon the *belief by the jury* from the evidence beyond a reasonable doubt that the accused committed the offense charged in the indictment, in the named county, yet it has been repeatedly declared that it takes *only slight evidence,* either direct or circumstantial, to sustain the venue, since that does not affect the issue of guilt or innocence. Sebree v. Commonwealth, 200 Ky. 534, 255 S.W. 142; Ford v. Commonwealth, 259 Ky. 492, 82 S.W.2d 785." (Emphasis added.)

See also Woosley v. Commonwealth, Ky., 293 S.W.2d 625.

Not only is venue a question for the jury but under the foregoing rule it takes little evidence to establish it. In the present case the evidence is sufficient to establish venue in Allen County.

Appellant last complains that the evidence upon the whole case is not sufficient to sustain a conviction on a charge of robbery. The victim testified that this defendant and his codefendant robbed him of $20 in cash and his watch. The testimony shows that officers shortly thereafter took about $15 from this defendant and the watch from the codefendant. This testimony was sufficient to warrant a submission to the jury.

We find no prejudicial error. The judgment is therefore affirmed.