**COMMONWEALTH of Kentucky, Appellant,**

v.

**Earl C. CHEEKS, Appellee.**

Supreme Court of Kentucky.

Oct. 31, 1985.

David L. Armstrong, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellant.

Richard H. Shuster, Appellate Public Advocate, Louisville, for appellee.

AKER, Justice.

Earl Cheeks was convicted of second-degree assault and sentenced to five years' imprisonment. The Court of Appeals reversed the conviction and on the motion of the Commonwealth we granted discretionary review. We reverse.

On August 19, 1982, George Mickey Lamb, a five-month-old child, suffered second-degree burns on most of his abdomen and his left hand. The burns were caused by a skillet full of hot grease which somehow landed on the baby's stomach. Cheeks claimed that he had put a handful of Crisco in the skillet, put the skillet on a stove and then left the skillet there while he went to a nearby pantry to clean his hands. While there, he heard the mother of the child scream, and when he turned he saw the skillet on the baby's stomach. Cheeks claimed that the skillet accidentally slid off of the stove while his back was turned. Experts at Cheeks' trial testified that the absence of grease burns on the child, as well as the skillet-shaped burn on the baby's stomach, could not possibly have been caused by the skillet sliding off of the stove, as Cheeks contended.

The sole question raised on review is whether the Court of Appeals erred in holding that the circuit court should have granted Cheeks' motion for directed verdict for the reason that the Commonwealth failed to introduce any testimony or other evidence to the effect that the situs of the alleged crime was in Fayette County.

The majority opinion of the Court of Appeals held that insufficient evidence was introduced by the Commonwealth, to prove venue as required under KRS 452.510. KRS 452.510 provides as follows:

Criminal prosecutions: Unless otherwise provided by law the venue of criminal prosecutions and penal actions is in the county or city in which the offense was committed.

The court ruled that the situs of an alleged crime is not a venue matter, but is a matter of jurisdiction which must be proven by the evidence. The court further noted that the controversy over jurisdiction and venue has produced a great deal of confusion.

We agree with the court that there is indeed a great deal of unnecessary confusion over the distinction between the two concepts. We will now attempt to clear the muddy waters stirred by this ongoing controversy. Black's Law Dictionary (Fourth Ed.) defines "jurisdiction" as follows:

The word is a term of large and comprehensive import. It is the authority by which courts and judicial officers take cognizance of and decide cases; the legal right by which judges exercise their authority. It exists when court has cognizance of class of cases involved, proper parties are present, and point to be decided is within issues. (citations omitted).

"Venue" is defined as follows:

In pleading and practice. A neighborhood; the neighborhood, place, or county in which an injury is declared to have been done, or fact declared to have happened. Also, the county (or geographical division) in which an action or prosecution is brought for trial, and which is to furnish the panel of jurors. It relates only to place where or territory within which either party may require case to be tried. (Citations omitted) *Id.*

■■■ In simple terms, the commission of a statutory offense in Kentucky gives rise to the authority i.e. "jurisdiction" of the courts of this state to preside over the prosecution of the case. KRS 500.060 provides as follows:

Territorial applicability—(1) Except as otherwise provided in this section, a person may be convicted under the law of this state of an offense committed by his own conduct or the conduct of another for which he is legally accountable when:

(a) Either the conduct or the result which is an element of the offense occurs within this state; or

(b) Conduct occurring outside the state is sufficient to constitute a conspiracy to commit an offense within the state; or

(c) Conduct occurring outside the state is sufficient to constitute a conspiracy to commit an offense within the state and an overt act in furtherance of the conspiracy occurs within the state; or

(d) Conduct occurring within this state establishes complicity in the commission of, or an attempt, solicitation or conspiracy to commit, an offense in another jurisdiction which is also an offense under the law of this state; or

(e) The offense consists of the omission to perform a legal duty imposed by the law of this state regardless of where that person is when the omission occurs; or

(f) The offense is a violation of a statute of this state that expressly prohibits conduct outside the state.

(2) Subsection (1)(a) does not apply if causing a particular result is an element of an offense and the result is caused by conduct occurring outside the state that would not constitute an offense if the result had occurred there, unless the actor intentionally or knowingly caused the result within the state.

(3) When the offense is homicide, either the death of the victim or the bodily impact causing death constitutes a "result" within the meaning of subsection (1)(a). If the body of a homicide victim is found within this state, it shall be prima facie evidence that the result occurred within the state.

The proper forum i.e. "venue" of the prosecution of the case is in the county in which the alleged offense has been committed. KRS 452.510. There is no question but that the court must have jurisdiction over the subject matter of an offense and of the person of the defendant as prerequisites for presiding over the case. See *Singleton v. Commonwealth*, 306 Ky. 454, 208 S.W.2d 325, 326 (1948).

■■ The jurisdiction to preside over the prosecution of offenses committed in this state is vested in the circuit courts. The Constitution of Kentucky, Section 112(5) provides as follows:

The circuit court shall have original jurisdiction of all justiciable causes not vested in some other court.

The proper forum in which the case is to be prosecuted is the circuit court in the county

or city in which the offense was committed. KRS 452.510.

■ In the past, it has been erroneously stated that a circuit court has no "jurisdiction" over the prosecution of an offense which has been wholly committed in another county. See *Commonwealth v. Ward,* 185 Ky. 295, 215 S.W. 31 (1919); *Rounds v. Commonwealth,* 282 Ky. 657, 139 S.W.2d 736 (1940). The circuit courts of this state are never without "jurisdiction" to preside over the prosecution of offenses committed in Kentucky; rather, KRS 452.510 stipulates that "venue" is improper in the circuit court of a county other than that in which the offense has been committed. The purpose of mandating the prosecution of a case in the county in which the offense has been committed is to insure that the defendant is tried by an impartial jury from the vicinity in which the offense has been committed. The Constitution of Kentucky, Section 11 reads in part:

"... and in prosecutions by indictment or information, he shall have a speedy public trial by an impartial jury of the vicinage...."

According to Ballantine, vicinage is "the area surrounding a particular place, specifically the place where the cause of action is alleged to have arisen or where a crime is alleged to have been committed." Prosecution in the county in which the offense has been committed also insures that witnesses and evidence are more readily available to both the prosecutor and the defendant. "Venue" then is merely a statutory prescription that the prosecution be in the county in which the offense has been committed and that the prosecution is in a court which has "jurisdiction" to preside over the case, i.e. the circuit court of that county. The statutory prescription also requires proof by the prosecutor that the offense did in fact occur in the county in which the case is being prosecuted. It has generally been held in this state that it is not necessary to show by direct evidence that the crime occurred in the county of its prosecution, but the fact may be inferred from evidence and circumstances which would allow the jury to infer where the crime was committed. See *Gilley v. Commonwealth,* 280 Ky. 306, 133 S.W.2d 67 (1939); *Rounds v. Commonwealth,* 282 Ky. 657, 139 S.W.2d 736 (1940); *Vinson v. Commonwealth,* Ky., 248 S.W.2d 430 (1952); *Byrd v. Commonwealth,* Ky., 283 S.W.2d 191 (1955); *Woosley v. Commonwealth,* Ky., 293 S.W.2d 625 (1956).

■ We have concluded that in this case there was an abundance of circumstantial evidence from which the jury could reasonably have inferred that the offense was committed in Fayette County. Numerous references were made to Warren Court, the address of the apartment where the child was burned. Although reference to a street address alone is generally insufficient to establish proper venue, See *Rounds v. Commonwealth,* 282 Ky. 657, 139 S.W.2d 736 (1940), there were other circumstances which supported the jury's inference.

The witness Captain Gilbert Grogan stated that he was a paramedic with the Lexington Fire Department and that he was dispatched to go to Warren Court. The witness Lieutenant Robert Summers stated that he was fire investigator for the Lexington Metropolitan Fire Department and that although he didn't go to the home on Warren Court, he did go to the hospital where the child had been taken. The witness William H. Lilly stated that he was a captain with fire investigation and that he had prepared and filed a report, introduced as Commonwealth's Exhibit # 10. The report showed that the form is one for the Lexington-Urban County Division of Fire and that the author of the report had been dispatched at 21:47 hours to 120 Warren Court. The witness Allen Ernest stated that he was a detective with the Division of Police, Fayette-Urban County Government, and that he was assigned to work a possible child abuse case.

We are of the opinion that these circumstances provided the jury with a sufficient basis upon which they could infer that venue was established.

The decision of the Court of Appeals is reversed and this case is remanded to the Court of Appeals for consideration of issues not disposed of in the original opinion.

STEPHENS, C.J., and AKER, GANT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENSON, J., concurs in result only.