## Stewart, Pros. Atty., et al. v. Sampson, Judge, et al.

Feb. 14, 1941.

448

Zeb A. Stewart for petitioners.

Joe S. Feather and J. B. Johnson for respondents.

OPINION BY JUDGE THOMAS—Sustaining petition.

On January 13, 1940, a warrant was issued by the judge of the Corbin Police Court accusing John Bowling of possessing within that city alcoholic and malt beverages in violation of the Alcoholic Beverage Control Law of 1938, being chapter 81, Section 2554b-97 et seq., in Baldwin's Kentucky Statutes Service for 1939. Section 2554b-195, a part of Article I, title V of that Act prescribes a penalty for the offense charged in the warrant of a fine for the first offense of "not less than $100.00 and not to exceed $5000.00 or by imprisonment not to exceed five years, or by both such fine and imprisonment." There is then a provision for increased punishment for a second offense. It is, therefore, clear that the punishment provided for a conviction of the offense charged against Bowling exceeded the statutory

prescribed jurisdiction of that court so as to deprive it of the authority to try him on the accusation contained in the warrant, although the court did possess jurisdiction to hold an examining trial for the purpose of determining whether he should be held to the grand jury of the county for its investigation of the charge. Nevertheless the police court proceeded to try Bowling and to convict him with an imposed fine of $100. He prosecuted an appeal therefrom to the Whitley circuit court presided over by respondent, Flem D. Sampson.

Instead of dismissing the appeal because the case was improperly brought under the declared practice to his court respondent assumed jurisdiction and tried the case, with the imposition of the same fine that was imposed in the police court. Bowling then satisfied the judgment in full by paying the fine assessed against him and all costs, thus rendering the judgment extinct and leaving nothing in respondent's court for him to adjudicate. Some days thereafter, but at the same term, respondent upon motion made by the Commonwealth's Attorney of his district, set aside the conviction of Bowling and continued the cause until the next term of the court. There was also included in the order a direction to the police judge of the city of Corbin to whom the fine had been paid by Bowling, that she return to him the amount he had paid her. The motion for that order was made and sustained without notice to either the appellant and petitioner herein, Zeb A. Stewart, the prosecuting attorney for the city of Corbin, or to Bowling or to the police judge of the city. But the fact that the order had been made was discovered a few days after its entry and Stewart then made motion to set it aside, which was argued before respondent and he intimated that he would overrule it; whereupon he (Stewart) filed this original action in this court against respondent to procure the issuing of an order from this court requiring him to sustain the motion to set aside the one in which he had set aside the judgment of conviction, upon the ground that in sustaining the motion to set aside the conviction he acted outside of his jurisdiction because the conviction in his court was not void but at most only voidable, and that Bowling by paying and satisfying it took the cause out of respondent's court so that at the time he attempted to set aside the judgment of conviction the cause was not then pending

before him, nor was it in any manner then in his court for any sort of determination by him.

Upon the filing of the original petition in this court a temporary writ, as prayed for therein, was granted by a member of this court in vacation. The response of respondent relies upon the facts as we have stated them, and that he, as judge of the Whitley circuit court, had no jurisdiction to try the appeal prosecuted by Bowling from the Corbin police court because the latter court possessed no jurisdiction itself to render the judgment appealed from, and which as a question of practice has been so declared by this court in a number of cases, and it also appears to be the judicially declared practice in other jurisdictions.

It will, therefore, be seen that the decisive question in the case and the button to be touched, is, whether or not the judgment rendered by respondent in his court after Bowling's appeal arrived therein was or was not void for want of jurisdiction in respondent to render it, or whether it was only voidable and therefore binding until it was set aside in some manner provided by law before being extinguished by satisfaction. The facts in the case, therefore, present the ever-vexing question of what is and what is not embraced by the term "Jurisdiction" as applied to powers and authority of judicial tribunals. Circuit courts in this commonwealth possess original and general jurisdiction as it is conferred by constitutional provisions and statutes enacted in pursuance thereto. Such are the only sources of jurisdiction of any tribunal, whether one of general jurisdiction or limited jurisdiction. The term (jurisdiction) applies to both the litigant in the cause and to its subject matter, by which is meant that a court, before it may exercise judicial power to determine a cause pending before it, must have authority to deal with and determine the questions relating to the subject matter of the litigation, and also must in some way have the litigant whose interest is involved in the subject matter properly brought into court, and which is usually designated as "jurisdiction of the person." Therefore (employing the usual terms with reference thereto), a court may not proceed to determine a matter before it unless it has "jurisdiction of the person" as well as "jurisdiction of the subject matter." In this case the record clearly shows that respondent, at the time he took jurisdiction

of the appeal to his court from the Corbin police court and rendered the judgment of conviction, had jurisdiction of the person of all of those interested in the subject matter (the prosecution) but respondent claims—and which is the storm center of the litigation and to which all arguments in the case are directed—that when he assumed jurisdiction and rendered the judgment of conviction of Bowling he did not possess "jurisdiction of the subject matter" because he failed to follow the proper practice as previously declared by this and other courts of disallowing the assumption of jurisdiction by circuit courts (though possessing appellate jurisdiction in certain cases) upon an appeal prosecuted from an inferior court to it when the latter court did not have jurisdiction of the litigation. The determination of that question involves also the determination of other collateral and related ones essential to the determination of the principal one.

To begin with, it should be borne in mind that the term "jurisdiction," as applied to judicial tribunals, emanates exclusively from the constitution and legally enacted statutes of the sovereignty of the forum. 14 Am. Jur. 368, Section 169. After most diligent research we have failed to find any constitutional provision or statute—either expressly or by necessary implication—prescribing that a circuit court in this commonwealth does not possess jurisdiction of an appeal brought to it in the circumstances described and appearing in this case. The only utterance disallowing the right of the appellate court in such circumstances to judicially determine its right to assume jurisdiction and try the case appealed to it is a judicial declaration from this court, but which, as we have seen, is only an interpretative declaration and is not found in our Constitution, or any legal statute enacted pursuant thereto, expressly negativing any such authority in the appellate court. Therefore, the question, when presented to the appellate court, becomes one for its determination in the exercise of its judicial functions, and it is not bound by what any other coordinate court, or even one of last resort may have theretofore determined. Of course it might be the duty of an inferior court to respect and follow adjudications of the final appellate court of the same sovereignty to follow the latter's decisions as precedents because of higher dignity of the final ap-

pellate one, but there is no mandatory rule to that effect, except, perhaps, when the final appellate court's judgment is specifically directed to the trial court of general jurisdiction, in which case the latter might become guilty of contempt of the final appellate court upon refusal to follow its directions and become subject to whatever penalty might be incurred or imposed. But in the general practice a circuit court in this commonwealth—and we believe also in other jurisdictions—has the inherent right and power to adjudge questions coming before it according to its sound judicial discretion independently of what may have been said to the contrary by other courts of the same sovereignty, although it may be the highest court therein, unless the right to do so has been expressly taken away by the only authority having the right to confer jurisdiction, i. e., the constitution of the state, or a duly enacted statute in pursuance thereto. If there had been such a qualifying provision at the time respondent assumed jurisdiction of Bowling's appeal to his court, then, of course, he possessed no power or authority to ignore it and to assume jurisdiction of the appeal and render final judgment therein.

Numerous are the instances where circuit judges are confronted with questions previously determined by this court in cases prosecuted to it, but which determinations do not meet the approval of the judge trying the particular case before him, since in the exercise of his judicial discretion he concludes that the determination made by this court is unsound and he declines to follow it. But in arriving at any such conclusion and embodying it in the judgment would not make it void because the trial court in the exercise of its judicial functions declined to follow the precedent opinion or opinions deciding the involved question to the contrary, since the only mandatory inhibition against taking jurisdiction in such a case would be that which is prescribed by the constitution, or some statute enacted pursuant thereto, none of which, as we have seen, exists in this jurisdiction with reference to the question under consideration.

The term "jurisdiction" has been variously and many times erroneously applied and confused with the related question of "venue," the latter of which relates exclusively to the situs of the particular court in which—according to the practice of the forum—the ac-

tion should be brought. Correctly speaking, such questions do not relate to the jurisdiction of the court over the subject matters involved, but only to the particular court wherein the action is localized, notwithstanding all other courts of the same class within the sovereignty possess jurisdiction of like subject matters. Whether or not a court in which an action is brought and is pending is one of proper venue generally depends upon collateral facts with reference to the residence of litigants, and other matters localizing the action, and it is universally held that an erroneous decision of the court in the determination of the facts required for such localizing does not render its judgment void but only erroneous and until it is set aside in some manner provided by law it remains valid in all respects. Technical jurisdiction, therefore, is the power and authority on the part of the court to hear and judicially determine and dispose of the cause pending before it, and which power and authority must be conferred in the manner hereinbefore stated. Therefore, respondent in this case, when he determined that he possessed jurisdiction to hear and try the prosecution against Bowling—though brought into his court in the manner indicated above—was confronted with the question of whether the prosecution of Bowling was properly in his court and, we repeat, since no constitutional or statutory provision prescribed to the contrary, respondent possessed power and authority to determine that question (see text in 14 Am. Jur. 368, Section 168) notwithstanding this court had held otherwise, but whose opinion respondent was not mandatorily required to follow. While his erroneous judgment, though voidable was still under his control, the party against whom it was rendered satisfied it, and thereby extinguished it, which had the effect to take the prosecution entirely out of respondent's court and to deprive him of any jurisdiction thereof after its exit from his court resulting from full performance of the judgment.

Authorities for all of the propositions herein announced are found in the texts of Volume 1 of Freeman on Judgments, Sections 336, 337, 338 and 350; 34 C. J. 509, Section 811; page 552, Section 851, page 555, Section 856; 33 C. J. page 961, Section 82, page 1078, Section 39; 21 C. J. S., Courts, page 177, Section 115; Volume 23 of Words and Phrases, Permanent Edition

(copyrighted in 1940) under the heading of "Jurisdiction," beginning on page 358, and Bouvier's Law Dictionary, Rawle's 3d revision, under the same heading. See also Shields' Adm'rs v. Chesser, 167 Ky. 532, 180 S. W. 968, and Covington Trust Co. v. Owens, 278 Ky. 695, 129 S. W. (2d) 186. Such references may not treat all of the questions referred to together, since they mostly do so separately with reference to some one or more of them. However, they all tend toward and point directly to the proper solution of the ultimate question in this case, which is, whether in the circumstances the respondent had power and authority—or, differently stated, whether or not he had "jurisdiction"—to judicially determine his power and authority to try the prosecution of Bowling, although brought to him by an appeal from an inferior court that did not have jurisdiction, but which it assumed to exercise. The referred to text, and supporting cases cited thereto, clearly point out, to our minds, that an affirmative answer should be given to the question, and because of which we hold that the judgment of conviction of Bowling by respondent as the presiding judge of his court was not void but only voidable, and that, since the prosecution was taken out of his court before any effort was made to correct his erroneous ruling (resulting from Bowling's satisfaction of the judgment against him) respondent had no right to undertake to further adjudicate upon any question relating to the prosecution because it was no longer pending before him.

An epitomized statement of the narrow question for determination—embodying our conclusions thereon—is: (1) That only a question of practice is involved and there is no constitutional or legally enacted statute limiting the right of the court to determine it, but which if it had been done would be a limitation on jurisdiction; (2) respondent, therefore, possessed the power and, therefore, "jurisdiction" to determine his right to try Bowling's appeal, though it gained entrance into his court through the door of an appeal thereto instead of by a proper accusation by a grand jury in the form of an indictment, of which respondent undoubtedly possessed jurisdiction; (3) in determining the question of practice thus presented to him he judicially concluded that it made no difference upon his right to try the prosecution whether it came into his court through the door of an appeal from an inferior one, or through the

456

door of origination in his court, and (4), that in determining the question of practice respondent's judgment was not void but only voidable, since he transgressed no constitutional or statutory limitations upon his jurisdiction because there were none such. If, however, there had been, then any judgment in disregard thereof would be void and not voidable, since in that case there would be no room for the exercise of judicial discretion. Therefore, when the authorities supra, as well as all others, speak of the right of a court to determine its own jurisdiction, the declaration should be confined to cases wherein jurisdiction is not expressly defined and limited by the only source having authority to do so. If the question depends upon the ascertainment of facts upon which there is a contrariety of evidence, or upon the determination of what the court concludes is proper practice, with no expressly enacted provision forbidding it, then and in each of such instances the court has the power and authority to determine its jurisdiction and an error committed by it will not render the judgment void but only voidable.

Wherefore, the prayer of the petition is sustained, and respondent Sampson is directed to sustain the motion of petitioner Stewart representing the City of Corbin, to set aside the order made on June 7, 1940, thereby restoring the status existing before that order was made, and he is prohibited from continuing the case on his docket under the present status of the facts. Petitioners will recover their costs against respondents in this action.

The whole Court sitting, except Judge Perry, who was absent.