**William A. CHANCELLOR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1969.

Cabell D. Francis, Ben K. Wilmot, Stanford, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

In February of 1961 a 1960 model Jeep automobile owned by William E. Folger was stolen from the premises of a service station in Stanford, county seat of Lincoln County. In 1968 it was found by Folger on a public street in the same city, where it had been parked by the appellant, William Chancellor. Chancellor was arrested when he returned to the automobile. He was indicted for grand larceny (KRS 433.220) and for knowingly receiving stolen property (KRS 433.290) and was found guilty on the latter charge and sentenced to two years in prison. He appeals, contending that (1) the Lincoln Circuit Court did not have jurisdiction because it was not proved that the crime took place in Lincoln County and (2) he was prejudiced by the admission in evidence of inculpatory statements made by him at the time he was arrested and brought before the county judge.

■ As the Commonwealth points out, the prosecution of a charge in the circuit court of the wrong county is not a jurisdictional defect but one of venue, which can be waived. Cf. Stewart v. Sampson, 285 Ky. 447, 148 S.W.2d 278, 281 et seq. (1941); Faison v. Commonwealth, Ky., 405 S.W.2d 943, 945 (1966); KRS 452.650. We do not agree, however, that there is a waiver when the defendant simply challenges the sufficiency of the evidence to prove venue. Cf. Hardin v. Commonwealth, Ky., 437 S.W.2d 931 (decided November 1, 1968). In particular, when the instructions specifically require a finding that the offense was committed in the county of the prosecution, as they did in this and the Hardin case, the Commonwealth is not in a position to contend that the jury was not bound by the instructions. What we have in this instance, as in Hardin, is the simple question of whether venue was proved in accordance with the instructions.

■ There is, in our opinion, no doubt as to the sufficiency of the proof in this or any other respect. The vehicle was stolen in Lincoln County and was found there in the appellant's possession. He resided in Lincoln County throughout the whole time from the theft to the recovery. That is enough. He testified that he bought the Jeep in Fayette County, but that was for the jury to believe or disbelieve. As a matter of fact, even under his own testimony the venue was established, because he said that the man with whom he traded in Fayette County drove the Jeep to the appellant's home in Lincoln County and relinquished it to him there. If this be true the venue lay in either Fayette or Lincoln County. KRS 452.620; Ellison v. Commonwealth, 190 Ky. 305, 227 S.W. 458 (1921).

When the appellant returned to the Jeep and was met by Folger and a deputy sheriff, the deputy informed him that it was a stolen vehicle and belonged to Folger. Folger testified, without objection, that the appellant thereupon drew him aside "and wanted to settle with me and forget it." Folger in the meantime had procured from the county judge a warrant for the appellant's arrest, so appellant was arrested forthwith and taken before the county judge. Folger testified, again without objection, that after the county attorney had told appellant "his rights" and advised him he did not have to answer any questions in front of the county judge, the judge asked him whether he was guilty or not guilty, to which appellant responded that he wanted to settle the case, and there was no need for it to go any further. Continuing, Folger testified that the judge told appellant that was not the question, that the question was whether he was guilty or not guilty, and appellant then said he was not guilty. The county judge testified, over objection, that when the appellant was brought before him he asked for his plea and the appellant replied to the effect that he did not know what the whole mess was about but if he owed Folger anything he would like to pay it off.

■ The appellant contends that the admission of these statements made by him violated his constitutional rights in the manner condemned by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694, 10 A.L.R.3d 974 (1966). There are at least two answers to this argument. The first is that the statements were not elicited by interrogation, custodial or otherwise. The second is that the county judge's testimony was merely cumulative of what Folger had been permitted to say without objection. *Miranda* does not apply.

The judgment is affirmed.

All concur.