Larry James MACKLIN, Appellant,

v.

George B. RYAN, Judge, Jefferson Circuit Court, Tenth Division, Appellee.

Supreme Court of Kentucky.

July 5, 1984.

John B. Southard, Jr., Middletown, for appellant.

Steven L. Beshear, Atty. Gen., Greg Holmes, Asst. Atty. Gen., Frankfort, for appellee.

### OPINION OF THE COURT

Appellant, Larry Macklin, appeals from an order of the Court of Appeals denying his petition for writ of mandamus. He appeals to this court as a matter of right.

The appellant was tried on the charge of receiving stolen property along with a co-defendant who was charged with the same offense plus several other offenses. Two hours after the case was submitted to the jury, they requested a mug shot of the co-defendant which was not introduced into evidence. The judge, in the presence of the full jury, denied this request. At that time, one juror requested to speak to the judge. She stated to him, in the absence of the other eleven jurors, that she could not make an unbiased decision in the case since she knew the mother of the appellant's co-defendant.

The trial judge then stated to counsel his intention to declare a mistrial as to both defendants. Appellant requested the court to inquire of the jury panel whether they had reached a verdict as to the appellant. The appellant also stated his desire to accept the verdict of the remaining eleven jurors. The court overruled both motions.

A mistrial was declared, and the appellant was remanded to the county jail for retrial. Subsequently, Appellant made a motion to dismiss the charges against him with prejudice. In support of his motion, he offered the jury foreman's testimony, by avowal, that the jury had voted unanimously to find Appellant "not guilty," but

the jury verdict form was never signed. The motion to dismiss was overruled.

Macklin petitioned the Court of Appeals for a writ of mandamus to prevent his retrial on the grounds that it would violate his right against double jeopardy. The writ was denied. We reverse the Court of Appeals.

The first issue to be addressed is whether mandamus is the appropriate form of relief in this case. Generally, a writ of mandamus is only granted by an appellate court if it appears that the petitioner has no other adequate remedy by appeal and will suffer great injustice in the absence of relief. *Glasson v. Tucker,* Ky., 477 S.W.2d 168 (1972); *Jaggers v. Ryan,* Ky., 474 S.W.2d 85 (1971).

The appellant had no remedy by appeal because the trial court's order granting the Commonwealth's motion for mistrial was not final or appealable within the meaning of CR 54.01. That rule provides in pertinent part:

"A judgment is a written order of a court adjudicating a claim or claims in an action or proceeding. A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, ..."

An appeal ordinarily does not lie from an order which "does not finally determine or complete the action." *Kilgore v. Commonwealth,* Ky., 222 S.W.2d 600 (1949). Since a mistrial, by definition, does not dispose of the merits of a case or necessarily preclude future litigation, the appellant did not have an adequate remedy by appeal from the mistrial order.

The analysis of the second part of the test for relief by mandamus, a showing of "great injustice," must focus upon the merits of the double jeopardy issue.

The attachment of jeopardy merely begins the inquiry as to whether the Double Jeopardy Clause of the Fifth Amendment prohibits a retrial. *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425. The Commonwealth relies on KRS 505.-030(4)(b) for the proposition that double

jeopardy does not apply in this case. KRS 505.030 states in part:

"When a prosecution is for a violation of the same statutory provision and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:

. . . .

... (4) The former prosecution was improperly terminated after the first witness was sworn but before findings were rendered by a trier of fact. Termination under either of the following circumstances is not improper:

. . . .

... (b) The trial court, in exercise of its discretion, finds that the termination is manifestly necessary."

The question before us is whether it was "manifestly necessary" for the trial court to declare the mistrial as to the appellant. After the trial court called the jurors back into the courtroom and stated his intention to declare a mistrial, the jury foreman asked, "[I]f we had already reached a verdict on other portions of the trial, is that a mistrial also?" The trial judge responded, "Yes sir. Mistry the whole thing."

The inability of the jury to reach a verdict as to one defendant does not compromise the verdict as to the other defendant. RCr 9.82(2) states:

"(2) If there are two (2) or more defendants, the jury at any time during its deliberation may return a verdict or verdicts with respect to a defendant or defendants as to whom it has agreed; if the jury cannot agree with respect to all, the defendant or defendants as to whom it does not agree may be tried again."

The juror who knew the mother of the co-defendant stated that she did not discuss the matter with the other jurors. Therefore, she could not have tainted the views of the other jurors as to the appellant.

Under these circumstances it was not "manifestly necessary" for the trial court to declare a mistrial, and it would be a violation of the appellant's right against double jeopardy to be retried in this case.

The ruling of the Court of Appeals is reversed. The Writ of Mandamus is granted, and it is ordered that the indictment against the appellant be dismissed.

All concur.