James B. TURNER Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–SC–000391–MR.

Supreme Court of Kentucky.

Aug. 25, 2011.

Karen Shuff Maurer, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General, James Coleman Shackelford, Assistant Attorney General, Office of Criminal Appeals, Attorney General's Office, Frankfort, KY, for appellee.

Opinion of the Court by Justice NOBLE.

Appellant, James B. Turner, Jr., was convicted of first-degree sexual abuse and

incest, and sentenced to 22 years in prison. He appeals his convictions, asserting improper venue, insufficient evidence of incest, and a double jeopardy violation. Finding Appellant's conviction for sexual abuse to be erroneous, it is reversed, but the remaining conviction is affirmed.

## I. Background

Appellant was the step-father to S.F., the victim in this case, through his marriage to S.F.'s mother in 1996, when S.F. was five years old. The family resided in Danville, the county seat of Boyle County. S.F. was first sexually approached by Appellant at the age of fifteen. Appellant got on top of S.F. and attempted to penetrate her. Appellant repeated this behavior several times either in their camper-home, in the backyard, or on fishing trips in Garrard County. This behavior continued over the next few years in what S.F. described as too many times to estimate. S.F. could only recall Appellant successfully penetrating her two or three times over this span, although Appellant admitted to police about five instances of sex. S.F. did not testify to Appellant's use of any physical force, but stated that she felt compelled to participate lest she and her mother be forced out of the house.

Appellant was prosecuted in Boyle County for incest and first-degree rape. The jury convicted him of incest and first-degree sexual abuse as a lesser-included crime under the rape charge. He was sentenced to seventeen years for incest and five years for sexual abuse, to run consecutively, for a combined sentence of 22 years. He appeals to this Court as a matter of right. *See* Ky. Const. § 110(2)(b).

## II. Analysis

Appellant expressly raises two matters on appeal and hints at a third. First, he claims his prosecution was procedurally deficient due to the Commonwealth's failure to establish Boyle County as an appropriate venue. Second, he argues that the Commonwealth failed to provide sufficient evidence to support the incest conviction. Finally, he hints at a potential double jeopardy problem.

### A. Venue

■ Appellant claims the Commonwealth produced insufficient evidence that the offenses occurred in Boyle County. He also notes that some of the evidence indicated Garrard County as the proper venue. But we need not address the merits of the venue argument because Appellant failed to raise it at trial. Under KRS 452.650, "The venue of the prosecution may be waived by the defendant and the failure to make a timely motion to transfer the prosecution to the proper county shall be deemed a waiver of the venue of the prosecution." This Court applied that statute in *Derry v. Commonwealth,* 274 S.W.3d 439, 444 (Ky.2008), to find venue waived where no motion to transfer had been made. No such motion was made here either and issues related to venue, therefore, were waived.

■ Notwithstanding KRS 452.650, Appellant seeks to characterize venue as an element of his convictions, thereby claiming that regardless of his decision not to request transfer, the Commonwealth failed its burden to prove the "venue" element of the crimes. This Court made clear in *Derry,* however, that venue is not generally an element of a crime. *Id.* at 444–45.

[V]enue is ... no[t] ... an element of any offense.... And as this Court's predecessor noted, venue does not affect the issue of guilt or innocence. Because venue and the determination of any facts related to it do not affect guilt, a court's

decision to terminate a trial for want of proper venue cannot amount to an acquittal. An acquittal requires either the judge or jury to evaluate and weigh the evidence related to guilt and to determine that it is legally insufficient to sustain a conviction.

*Id.* (citations omitted.) Neither crime at issue here, incest nor first-degree sexual abuse, contains any reference to venue in its respective statute, KRS 530.020 or KRS 510.110. Thus, the Commonwealth bore no burden to prove venue as an element of the offense. However, under the venue statutes, it does have that burden in all cases, but if it fails to offer such proof, the defendant is required to raise the failure with a motion to the trial court for a transfer to the proper venue in order to secure relief. If the defendant fails to do this, as Appellant did in this case, then he is deemed to have waived venue and cannot challenge his conviction on that ground. *See id.* at 444. ("[F]ailure to make a timely motion to transfer prosecution to the proper county shall be deemed a waiver of the venue of the prosecution.... At most, Appellant enjoyed a statutory right to be tried in the county where the crime occurred. However, it is clear that Appellant waived this venue right by failing to raise the issue prior to the beginning of his trial in Barren County.").

### B. Incest

Appellant next argues that the Commonwealth provided insufficient evidence to prove the crime of incest. While purporting to make a distinct argument, Appellant simply rehashes his critique of the Commonwealth's failure to prove that sexual contact occurred in Boyle County, that is, his venue argument, and does not challenge the sufficiency of the evidence of the elements of the crime. As already explained, the location of the crime is not an element, and its lack of proof, therefore, does not undermine the sufficiency of the evidence of guilt.

### C. Sexual Abuse

Finally, we must address Appellant's additional one-sentence argument found at the end of his "insufficient evidence of incest" analysis. He states, "Also, in finding Turner guilty of sexual abuse in the first degree, the jury found Turner was in a position of authority, essentially the same element in incest." Although Appellant declines to flush out this argument to explain why finding "essentially the same element" is problematic, we assume that Appellant is hinting at a double jeopardy violation.

 A defendant is put in double jeopardy when he is convicted of two crimes with identical elements, or where one is simply a lesser-included offense of the other. In such a case, the defendant has only actually committed one crime and can only endure one conviction. "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The same test is applied under Kentucky law as well. *See Commonwealth v. Burge,* 947 S.W.2d 805, 811 (Ky.1996) ("Thus, we return to the *Blockburger* analysis.").

 As instructed, the first-degree sexual abuse Appellant was convicted of required a jury finding that (a) "between the 18th day of December, 2005 and July, 2008 ... he subjected [S.F.] to sexual contact" and (b) "he did so when acting as a person in position of authority." However, the propriety of giving the instruction must be considered before turning to the double jeopardy issue.

The instruction given accurately reflects the elements of KRS 510.110(1)(d). Under that provision, a person has committed first-degree sexual abuse when "[b]eing a person in a position of authority or position of special trust, as defined in KRS 532.045, he or she, regardless of his or her age, subjects a minor who is less than eighteen (18) years old, with whom he or she comes into contact as a result of that position, to sexual contact...." KRS 510.110(1)(d). Convicting Appellant under KRS 510.110(1)(d) is at first glance not a problem. There was sufficient evidence that Appellant was in a position of authority. As defined in KRS 532.045, "position of authority" includes a stepparent, which Appellant was. There was also sufficient evidence of Appellant subjecting S.F. to sexual contact as a result of that position, both through S.F.'s testimony, and his own confessions. Finally, the Commonwealth had proven that S.F. was under the age of eighteen throughout the duration of the instructional timeframe.

The problem with punishing Appellant under KRS 510.110(1)(d) is that it was not enacted until 2008, see 2008 Ky. Acts ch. 72, § 1, and did not become effective until July 15, 2008—at the end of the timespan when the sexual abuse was alleged to have occurred. Until July 2008, first-degree sexual abuse applied only to instances of forcible compulsion or where a victim was incapable of consent because she was physically helpless, less than twelve years old, or mentally incapacitated. See KRS 510.110 (2006). Sexual contact by a person in a position of authority was not covered by the statute. None of the elements actually described in the statute were included in the sexual abuse instruction under which the jury convicted Appellant. Indeed, until July 2008, the elements contained in the instruction did not constitute sexual abuse of any degree. See KRS 510.120 (second-degree); KRS 510.130 (third-degree).[1]

It is possible that Appellant committed first-degree sexual abuse under the framework outlined in KRS 510.110(1)(d), after that statute's enactment, but still within the timeframe of the instruction—in other words, the end of July, 2008. However, the defective instruction did not require the jury to find the crime to have occurred during that small window. It allowed the jury to convict Appellant for first-degree sexual abuse for conduct committed during a three-and-a-half-year period, mostly before such conduct was punishable as first-degree sexual abuse. Since it is not likely, much less certain, in punishing sexual abuse by Appellant between 2005 and 2008, that the jury was specifically addressing such conduct occurring at the end of July 2008, the conviction was erroneous.

■ This Court must acknowledge caution to reverse an error such as this, which was neither preserved at trial, nor raised

---

1. A position-of-authority element was included as part of second-degree sexual abuse, as described in KRS 510.120(1)(e), beginning in 2006, but the victim had to be under the age of 16. See 2006 Ky. Acts ch. 182, § 34 (adding position of authority as an alternative element). That element was removed in 2008, when the similar element was added to first-degree sexual abuse. See 2008 Ky. Acts ch. 72, § 1 (adding element to first-degree sexual abuse); id. § 2 (removing element from second-degree). The victim in this case was under the age of 16 during part of the time period covered by the indictment and the instruction given at trial, meaning Appellant could possibly have been convicted of second-degree sexual abuse under the statute in effect between 2006 and 2008. But this only works out if the victim was under the age of 16 when the element was added in 2006 (it became effective July 12, 2006). If she turned 16 after July 12, 2006, then the criminal conduct Appellant was accused of committing—that is, sexual contact by a person in a position of authority—was not criminalized as sexual abuse.

on appeal. That said, it exceeds the basic jurisdiction of the circuit court to convict a defendant for behavior that was not criminalized at the time.

## III. Conclusion

For the aforementioned reasons, Appellant's conviction of incest is affirmed, his conviction of first-degree sexual abuse is reversed, and this case is remanded to Boyle Circuit Court for re-entry of judgment and sentencing consistent with this opinion.

All sitting. All concur.