Thomas George **COZZOLINO**,
Appellant

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 2011–CA–000656–DG.

Court of Appeals of Kentucky.

June 22, 2012.

Discretionary Review Denied by Supreme
Court April 17, 2013.

Michael R. Mazzoli, Paul S. Gold, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Michael J. O'Connell, Jefferson County Attorney, David A. Sexton, Special Assistant Attorney General, Assistant Jefferson County Attorney, Louisville, KY, for appellee.

Before COMBS and STUMBO, Judges; LAMBERT, Senior Judge.[1]

*OPINION*

STUMBO, Judge:

Thomas Cozzolino appeals from an order of the Jefferson Circuit Court reversing a directed verdict of the Jefferson District Court acquitting him of DUI. He argues that the Commonwealth cannot appeal from a directed verdict of acquittal under the Double Jeopardy Clause of the United States and Kentucky Constitutions. U.S. CONST. amend. V; KY Const. § 13; KY Const. § 115. We agree and vacate the order of the Jefferson Circuit Court.

On July 2, 2010, police officers with the St. Matthews Police Department were dispatched to a parking lot on Shelbyville Road. There had been a report of a male in a blue convertible pulling a gun on two people and then leaving the scene. The witnesses gave responding officers the license plate number, which led them to Cozzolino's house.

Upon arriving, the officers found no one there. As the officers were leaving, Cozzolino arrived in the blue convertible. The officers approached the vehicle and Cozzolino was ordered out of the car. Once out of the car, he was placed in handcuffs. One officer smelled alcohol on Cozzolino and noticed his eyes were bloodshot and glassy. The officers found the gun in the car. Cozzolino was arrested for DUI. Cozzolino subsequently refused a breath test to determine his blood alcohol level.

A bench trial was held on November 29, 2010, before the Jefferson District Court. The first witness for the Commonwealth was Officer Barbara Shepherd of the St. Matthews Police Department. She testi-

fied that she was working on July 2, 2010, and responded to the parking lot. She discussed what happened at the parking lot, getting the license plate number, and going to Cozzolino's house. She then described Cozzolino arriving at the house and her approaching the vehicle. She testified that she asked Cozzolino to step out of the vehicle and that he smelled of alcohol and had bloodshot and glassy eyes. She believed him to be under the influence of alcohol. She then placed Cozzolino in handcuffs because a gun might be in the vehicle. She did not read him his *Miranda* rights at this time.

After Officer Shepherd stated she placed Cozzolino in handcuffs, defense counsel objected and made a motion pursuant to RCr 9.78 to suppress all evidence from the point where Cozzolino was placed in handcuffs. Defense counsel argued that all evidence obtained after Cozzolino was handcuffed was "fruit of the poisonous tree" because he was not read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Counsel then requested a suppression hearing. The Commonwealth made no objection. A suppression hearing was immediately held. Cozzolino was the only witness during the hearing and his testimony was uneventful.

The district court granted Cozzolino's motion and suppressed everything after he was placed in handcuffs. The court advised the Commonwealth that it could rely on any evidence gathered prior to Cozzolino being placed in handcuffs. The Commonwealth then briefly questioned Officer Shepherd. Because most of the Commonwealth's evidence had been suppressed, the Commonwealth rested its case after

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Officer Shepherd's testimony. Defense counsel then moved to have the case dismissed, citing a lack of sufficient evidence to prove Cozzolino's guilt. In essence, defense counsel moved for a directed verdict finding Cozzolino not guilty of DUI. The court asked if the Commonwealth had any further evidence. The Commonwealth responded in the negative. The court then weighed the evidence presented to it and found that the officer's testimony of the odor of alcohol and Cozzolino's red, glassy eyes was insufficient to prove DUI. The court then granted the motion for directed verdict and found Cozzolino not guilty.

The Commonwealth then appealed to the circuit court. The circuit court found the district court properly suppressed everything after Cozzolino was handcuffed, but reversed the directed verdict.[2] The court found that there was sufficient evidence to find Cozzolino guilty of DUI. It also found that returning the case to the district court would not violate Double Jeopardy because the case was dismissed on the Defendant's own motion. The court also questioned why the motion to suppress was not brought before trial. The circuit court then remanded the case to the district court for further proceedings. This appeal followed.

This case revolves around whether Double Jeopardy prohibits Cozzolino from being retried on the DUI charge. RCr 9.78 states:

If at any time before trial a defendant moves to suppress, or during trial makes timely objection to the admission of evidence consisting of (a) a confession or other incriminating statements alleged to have been made by the defendant to police authorities, (b) the fruits of a search, or (c) witness identification, the trial court shall conduct an evidentiary hearing outside the presence of the jury and at the conclusion thereof shall enter into the record findings resolving the essential issues of fact raised by the motion or objection and necessary to support the ruling. If supported by substantial evidence the factual findings of the trial court shall be conclusive.

■ Here, defense counsel objected and moved to suppress evidence during trial and the Commonwealth did not object. Even though the circuit court stated the defense could have made a pretrial motion and that this could have been "improper gamesmanship" on the part of the defense, it was still permitted by the rules of criminal procedure and not objected to by the Commonwealth.

The circuit court remanded the case to the district court because the case was dismissed on the defendant's own motion, citing to *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). This is true when a mistrial is granted on the defense's own motion and "does not turn on issues related to guilt." *Derry v. Commonwealth,* 274 S.W.3d 439, 444 (Ky. 2008). Was the case at hand dismissed on issues related to guilt? We find that it was.

■ "An acquittal requires either the judge or jury to evaluate and weigh the evidence related to guilt and to determine that it is legally insufficient to sustain a conviction." *Id.* at 445. This is exactly what happened in this case. After most of the Commonwealth's evidence was suppressed and the Commonwealth rested, the trial court found that the evidence was insufficient to sustain a conviction. It then directed a verdict in Cozzolino's favor.

---

**2.** The Commonwealth has not appealed the circuit court's affirmation of the suppression issue.

In Kentucky, "[a] motion for a directed verdict of acquittal ... is the established procedural device for challenging the sufficiency of the evidence to support a conviction." Leslie W. Abramson, 10 *Kentucky Practice, Substantive Criminal Law*, § 26:51 (2nd ed.2000); *see also Commonwealth v. Benham*, 816 S.W.2d 186, 187–188 (Ky.1991)("[T]here must be evidence of substance, and the trial court is expressly authorized to direct a verdict for the defendant if the prosecution produces no more than a mere scintilla of evidence."). Indeed, we have held that a directed verdict is equivalent to an acquittal under the law of double jeopardy. *See Commonwealth v. Mullins*, 405 S.W.2d 28, 29 (Ky.1966); *Smith v. Massachusetts*, 543 U.S. 462, 467–468, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005) (Recognizing that state law directed "the trial judge to enter a finding of not guilty 'if the evidence is insufficient as a matter of law to sustain a conviction' ... [and] [a]n order entering such a finding thus meets the definition of acquittal that our double-jeopardy cases have consistently used: It 'actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' ").

*Walker v. Commonwealth*, 288 S.W.3d 729, 743 (Ky.2009).

 "A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." *United States v. Scott*, 437 U.S. at 91, 98 S.Ct. 2187. "To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent, he may be found guilty.' " *Id.* (citation omitted). Here, the district court weighed the evidence presented by the Commonwealth and found it insufficient to convict. The dismissal was not based on a mistrial; it was related to Cozzolino's factual guilt or innocence.

Based on the foregoing, we find that Double Jeopardy prevents Cozzolino from being tried again for DUI. We therefore vacate the order of the Jefferson Circuit Court.

ALL CONCUR.