12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barry CUTLIP, Petitioner-Appellant,
v.
Steve SMITH, Warden, Respondent-Appellee.
 No. 93-5610.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 W.D.Ky., No. 92-00434; Johnstone, J.
 
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: BOGGS and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 4
 Barry Cutlip, a Kentucky state prisoner proceeding with benefit of counsel, appeals from a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. A request relating to oral argument has not been filed by the parties. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Petitioner pled guilty to one count of murder and, on September 25, 1980, was sentenced to life imprisonment. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 on July 13, 1992. The case was submitted to a magistrate judge who recommended that the petition for a writ of habeas corpus be dismissed. The district court, upon de novo review, adopted the magistrate judge's report and recommendation and dismissed the petition on March 31, 1993. Petitioner appeals from that order.
 
 
 6
 The issues presented for review are whether the Commonwealth of Kentucky improperly exercised jurisdiction over petitioner in violation of the Fifth and Sixth Amendments to the United States Constitution, and whether petitioner was deprived of effective assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution.
 
 
 7
 Upon review, we find no error. Petitioner was not denied due process by Kentucky's exercise of jurisdiction over his crime. See Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir.1976). The facts show that petitioner accompanied George Woods to Fort Myers, Florida, to buy marijuana. While in Florida petitioner shot Woods twice in the head with a .22 caliber pistol, put him in the back of Woods' van and drove to Kentucky. Petitioner could not identify in what jurisdiction the victim died. Petitioner originally confessed to police that Woods lived for five hours before he stopped breathing. At his guilty plea hearing, however, petitioner stated for the record that he was sure that Woods died in Kentucky.
 
 
 8
 In order for Kentucky to exercise jurisdiction over an offense, either the conduct or the result which is an element of the crime must occur within the state. KRS 500.060(1)(a); Commonwealth v. Cheeks, 698 S.W.2d 832, 834 (Ky.1985). KRS 500.060(3) provides that "[w]hen the offense is homicide, either the death of the victim or the bodily impact causing death constitutes a 'result' within the meaning of subsection (1)(a). If the body of a homicide victim is found within this state, it shall be prima facie evidence that the result occurred within the state." Petitioner admits dumping the victim's body in Kentucky where it was soon discovered.
 
 
 9
 The gravamen of petitioner's appeal is that his original confession to police and the trial court's knowledge of the murder's circumstances clearly rebut the presumption of jurisdiction provided by KRS 500.060(3). However, petitioner's unsubstantiated allegations that the victim did not die in Kentucky are insufficient to rebut the presumption of jurisdiction created by the Kentucky statute. Additionally, petitioner's allegations that the conduct of officers of the court or his own counsel somehow rebuts the presumption of jurisdiction are meritless.
 
 
 10
 Next, petitioner contends that he was denied effective assistance of counsel because his attorney did not challenge Kentucky's subject matter jurisdiction. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In a guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 11
 Petitioner does not contend that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Instead, he argues that "the results of the proceeding would have been different. There would have been no proceeding in Kentucky, and [he] would not be legally incarcerated [there]." One may reasonably assume that had Kentucky not exercised jurisdiction Florida would have. Therefore, the jurisdiction of the proceeding would have been different. However, petitioner clearly fails to establish the prejudice prong of the Strickland test because he does not allege that he would have insisted on going to trial in Florida.
 
 
 12
 Moreover, inasmuch as the victim's body was found in Kentucky and petitioner's contradictory statements concerning the place of death were insufficient to rebut Kentucky's statutory presumption of jurisdiction, counsel did not err by failing to raise a jurisdictional defense.
 
 
 13
 Accordingly, the district court order denying the petition for a writ of habeas corpus is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation as adopted by the district court.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation