NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0381n.06

No. 11-3102

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 06, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| PAUL D. GAROFOLO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COOK, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Paul Garofolo pled guilty, pursuant to a plea agreement, to one count of making and subscribing false income tax returns for the years 2003 through 2005, in violation of 26 U.S.C. § 7206(1). The district court sentenced him to six months' imprisonment, followed by a one-year period of supervised release including a four-month period of unmonitored home detention. Garofolo now timely appeals, arguing that his attorney provided ineffective assistance of counsel when he failed to protect Garofolo's right to seek a variance from the advisory United States Sentencing Guidelines (the "Guidelines") range of incarceration. Because Garofolo does not satisfy the prejudice prong of the ineffective-assistance-of-counsel test, we affirm.

I.

On September 7, 2010, Garofolo was charged by Information with one count of making and subscribing false income tax returns for the years 2003 through 2005, in violation of 26 U.S.C. § 7206(1). Approximately one month later, on October 12, 2010, Garofolo waived indictment and entered into a plea agreement with the government. Garofolo was subsequently arraigned and entered a plea of guilty, which the district court accepted after a lengthy colloquy.

The parties' plea agreement included a stipulation that the total adjusted offense level under the Guidelines was level 12, which fell within a Zone C range of 10 to 16 months. Garofolo expressly agreed not to seek a sentence lower than, or of a kind other than, provided for offense level 12 – i.e., a sentence no lower than five months' imprisonment followed by five months of home detention. For its part, the government agreed not to seek a sentence higher than that range. (*Id*.)

On January 4, 2011, the district court held a sentencing hearing. The district court sentenced Garofolo to a term of imprisonment of six months, followed by a one-year period of supervised release including a four-month period of unmonitored home detention. The sentence was within the range of sentences to which the parties limited their recommendations in the plea agreement and was one month more of imprisonment than the lowest sentence Garofolo agreed to seek.

After sentencing, Garofolo retained new counsel who filed a motion to reconsider the sentence, arguing that the district court should provide for halfway house detention in lieu of imprisonment. The government opposed the motion on the grounds that the district court lacked jurisdiction to alter the sentence, the motion was a violation of the plea agreement, and the result was inconsistent with 18 U.S.C. § 3553(a). The district court denied the motion on January 31, 2011.

Garofolo now timely appeals, arguing that he "suffered from Ineffective Assistance of Counsel when counsel waived his right to seek a variance and such ineffectiveness prejudiced [him] by adversely affecting the sentence he received."

II.

"The starting point for analyzing a claim of ineffective assistance of counsel is the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987). Under the *Strickland* standard, a criminal defendant must demonstrate both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694. Because both prongs must be satisfied to establish ineffective assistance, if a petitioner cannot satisfy one prong, the other need not be considered. *Id*. at 697; *see also Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001) ("*Strickland* specifically holds that the two prongs of its test need not be applied in order or in totality.").

The *Strickland* "standard is adjusted, however, when dealing with a situation where a defendant enters a guilty plea instead of being found guilty after a trial. In the context of guilty pleas, the first element, the 'performance' aspect, of the *Strickland* test remains the same but the second element, the 'prejudice' requirement, changes." *Thomas*, 818 F.2d at 480. To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Premo v. Moore*, 131 S. Ct. 733, 745 (2011).

On appeal, Garofolo does not contend that he would not have pled guilty but for counsel's alleged error. Instead, he maintains that a better plea negotiation would have allowed counsel to advocate for a lower sentence. That assertion does not establish prejudice, as it is relevant only to sentencing and not to whether Garofolo would have pled guilty. *See Cutlip v. Smith*, 12 F.3d 211, 1993 WL 524229, at *2 (6th Cir. Dec. 15, 1993) (unpublished table decision) ("[P]etitioner clearly fails to establish the prejudice prong of the *Strickland* test because he does not allege that he would have insisted on going to trial . . . ."). Accordingly, Garofolo's ineffective assistance of counsel claim fails.[1]

## III.

For these reasons, we affirm the judgment of the district court.

---

[1]Because defendant's allegations fail to state a claim for ineffective assistance of counsel, it is unnecessary for us to address the government's additional defense that the existing record does not support the claim.