RENDERED:  MARCH 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0466-MR

TERRY BODYTKO                                    APPELLANT

                  APPEAL FROM MUHLENBERG CIRCUIT COURT
v.                  HONORABLE BRIAN WIGGINS, JUDGE
                          ACTION NO. 18-CR-00258

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, LAMBERT, AND L. THOMPSON, JUDGES.

JONES, JUDGE:  Terry Bodytko (Bodytko), *pro se*, appeals from the Muhlenberg Circuit Court's order denying his CR[1] 60.02(e) and (f) motion to set aside a portion of his conviction on grounds of double jeopardy.  Having reviewed the record and being otherwise sufficiently advised, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# I. BACKGROUND

On November 16, 2018, Bodytko was indicted in Muhlenberg County on charges of: 1) trafficking in controlled substance in the first degree, two or more grams of methamphetamine; 2) trafficking in controlled substance in the second degree, buprenorphine; 3) trafficking in synthetic drugs, synthetic marijuana; 4) promoting contraband in the first degree; and 5) being a persistent felony offender in the first degree.

On February 11, 2019, Bodytko entered into a plea agreement with the Commonwealth. In exchange for his agreement to plead guilty on counts one through four outlined above, the Commonwealth amended the indictment to reduce the persistent felony offender in the first degree charge to persistent felony offender in the second degree. After accounting for the enhancement under the persistent felony offender in the second degree statute, the trial court sentenced Bodytko to twelve years' imprisonment on count one, as well as ten years' imprisonment each on counts two through four. The sentences on each of the four counts were to run concurrently with one another, but consecutively with time being served on previous, unrelated convictions. The trial court entered an order and judgment of sentence consistent with the parties' plea agreement. Bodytko did not file a direct appeal from the judgment.

On September 10, 2019, Bodytko moved the trial court, *pro se*, to "Vacate, Set Aside, Or Correct Judgment and Sentence Pursuant to RCr[2] 11.42 and 10.26." In his motion, Bodytko argued he was denied effective assistance of counsel when his defense counsel allowed him to plead guilty "to promoting contraband in violation of double jeopardy to trafficking." The court set a hearing date of January 31, 2020 on the motion and appointed counsel for Bodytko for subsequent proceedings.

In addition to its legal arguments, Bodytko's motion more completely described the facts underlying the charges against him:

> On July 15, 2018; [sic] in Muhlenberg County, Kentucky State Police were called to the Green River Correctional Complex to investigate drugs being trafficked into prison. Correctional Officers at the prison conducted a cell search of Terry Bodytko. . . . and located the following drugs in a Coke Cola [sic] stash can that contained, [a] small zip lock baggie with methamphetamine residue in it, 9 orange strips of suboxone individually wrapped in cellophane, 2 baggies synthetic drugs (spice) approx. 1 gram, 3 baggies of methamphetamine (1 gram each), 1 unwrapped baggie of methamphetamine approx. 2 grams (total 5 gms), and what appeared to be a debt ledger and phone numbers.

Prior to the January 31, 2020 hearing, the Commonwealth and Bodytko entered into another agreement, memorialized by an "Agreed Order to Amend Charges," dismissing counts two and three and vacating the ten-year

---

[2] Kentucky Rules of Criminal Procedure.

sentences for each. Again, the sentences were to run concurrently, resulting in a conviction as to fewer charges but ultimately the same term of twelve years. The agreed order also indicated that the "pending RCr 11.42 motion is withdrawn." No hearing was held.

On February 28, 2020, Bodytko filed a motion for relief under CR 60.02(e) and (f), seeking to set aside the conviction and sentence imposed on February 11, 2019 as amended on January 31, 2020. Like Bodytko's previous RCr 11.42 motion, his motion under CR 60.02 contended that the trial court's act of sentencing of him under both counts one and four amounted to double jeopardy under the Fifth Amendment of the United States Constitution and Section 13 of the Kentucky Constitution.[3]

Ultimately, the trial court concluded that Bodytko's CR 60.02 motion was procedurally barred because he failed to raise double jeopardy earlier in the proceedings; alternatively, the trial court determined that Bodytko's convictions for trafficking and promotion of contraband did not violate double jeopardy. Accordingly, the trial court denied Bodytko's CR 60.02 motion by order entered March 19, 2020.

This appeal followed.

---

[3] The CR 60.02 motion did not address any additional grounds.

## II. STANDARD OF REVIEW

We review the trial court's denial of a motion pursuant to CR 60.02 under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). An abuse of discretion occurs when a "trial judge's decision was arbitrary, unreasonable, unfair or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## III. ANALYSIS

The relevant portion of CR 60.02 provides:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or other proceeding upon the following grounds: . . . (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief.

CR 60.02 is an extraordinary remedy. It is not a substitute for an RCr 11.42 motion alleging claims of ineffective assistance of counsel or for direct appeal of the judgment. Grounds or issues that could have been raised or were raised in an RCr 11.42 proceeding or on direct appeal cannot be raised in a CR 60.02 motion. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). *See also McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) (holding that CR 60.02 is not a

separate avenue of appeal in addition to other remedies but is available only to raise issues which cannot be raised in other proceedings).

In the instant case, Bodytko was precluded from seeking relief under CR 60.02 for at least two procedural reasons. First, he initially pleaded guilty to all counts of the indictment and in doing so waived his right to direct appeal. The plea was not conditioned on the right to appeal the double jeopardy issue. A voluntary, unconditional plea agreement waives all defenses other than that the indictment did not charge an offense. *Jackson v. Commonwealth*, 363 S.W.3d 11, 15 (Ky. 2012). Second, Bodytko did in fact raise the double jeopardy issue in his subsequent RCr 11.42 motion. That motion was disposed of by an agreement in which he received substantive relief, *i.e.*, the dismissal of two counts contained in his original judgment of conviction. While that relief may not have related specifically to his double jeopardy claim, it was obtained in exchange for withdrawing the entire RCr 11.42 motion. Having voluntarily agreed to accept the amended judgment, Bodytko cannot now attempt to reassert double jeopardy.

In addition to being procedurally barred, Bodytko's convictions do not violate the prohibition against double jeopardy. While Bodytko argues that the presence of the same methamphetamine established his convictions for trafficking in the first degree and promoting contraband in the first degree, triggering double jeopardy, as the trial court pointed out, the record is replete with references to other

contraband located by prison officials at the time of the investigation.  Thus, the convictions under counts one and four could have been established by wholly independent evidence.  However, even if the convictions did rely on the same methamphetamine, double jeopardy is not implicated because each conviction requires proof of a fact which the other does not.  *Turner v. Commonwealth*, 345 S.W.3d 844, 847 (Ky. 2011).  Trafficking requires that a drug be possessed with the intent to sell or transfer.  KRS[4] 218A.010(56).  This is not a necessary element of promoting contraband.  Likewise, promoting contraband requires that the defendant be a person in a penitentiary, KRS 520.050(1)(b), which is not an element of trafficking.

### III. CONCLUSION

For the reasons set forth above, we affirm the Muhlenberg Circuit Court's order denying Terry Bodytko's CR 60.02 motion.

ALL CONCUR.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Terry Bodytko, *pro se* | Daniel Cameron |
| Burgin, Kentucky | Attorney General of Kentucky |
| | |
| | Todd D. Ferguson |
| | Assistant Attorney General |
| | Frankfort, Kentucky |

---

[4] Kentucky Revised Statutes.